# Dollins & Co. *v.* Lindsey & Co.

*Creditors'. Bill in Equity, to set aside Fraudulent Con-
veyance.*

1. *Equitable attachment.*—An equitable attachment at the suit of
creditors of an insolvent debtor, who has made a fraudulent sale or
transfer of his property, may reach the goods remaining in the hands
of the fraudulent grantee, but can go no further, though he may be
held personally liable for the goods sold, consumed, or otherwise con-
verted.

2. *Appointment of receiver; attached property, with statutory claim
interposed.*—Property on which an attachment at law has been levied,
and to which a statutory claim has been interposed, is in the custody
of the law; and a court of equity will not interfere with the custody
and control of the law court, by appointing a receiver at the instance
of other creditors, who have not a paramount lien.

3. *Same; without notice* —To justify the appointment of a receiver
without notice, and the consequent dispossession of the owner of his
presumptive right to control his own property, with no bond to com-
pensate him for its wrongful seizure, requires "a very strong case, sus-
tained by strong affidavit or affidavits of fact and urgency."

APPEAL from the Chancery Court of Marengo.

Heard before the Hon. THOMAS W. COLEMAN.

Bill in equity by William Lindsey & Co. and others, on
behalf of themselves and other creditors of Price Brothers,
an insolvent mercantile partnership, against their said

debtors, and against A. J. Dollins & Co., to whom they had made a sale or transfer of all their goods and assets, which was alleged.to be fraudulent, and also against several creditors who had levied attachments on the property. The bill was filed on the 23d November, 1889, and sought to set aside the transfer to Dollins & Co., and to subject the property to the claims of creditors; also, to determine the respective rights and liens of creditors, to have an account stated, and the assets apportioned among them; and it also prayed the appointment of a receiver to take possession of the property. On the 25th November, 1889, without notice to the defendants, and before the service of process on them, the chancellor made an order appointing a receiver; and this appeal is taken from that order.

GEO. W. TAYLOR, and JNO. C. ANDERSON, for appellants, cited *Brierfield Iron Works v. Foster*, 54 Ala. 622; *Moritz & Weil v. Miller, Schram & Co.*, 87 Ala. 331.

TAYLOE & JOHNSTON, contra, cited *Miller v. Lehman, Durr & Co.*, 87 Ala. 517; *Ashurst v. Lehman, Durr & Co.*, 86 Ala. 370; High on Receivers, § 7; Beach on Receivers, §§ 5–7; *Verplanck v. Mer. Insurance Co.*, 2 Paige, 438; *French v. Gifford*, 30 Iowa, 348; *Jacoby v. Goetter, Weil & Co.*, 74 Ala. 427; *Mitchell v. Pitts*, 61 Ala. 219.

STONE, C. J.—The present suit is by creditors of Price Brothers. It is not pretended that A. J. Dollins & Co. are debtors of the complainants, nor is the bill so framed as that relief can be obtained against them as debtors. The bill charges that Price Brothers are insolvent; that they are indebted to the several complainants in separate amounts; that they were merchants carrying on business, owning a stock of goods, a store-house, store-fixtures and some other chattels; that on December 29th, 1888, they pretended to sell their store-house, store-fixtures and merchandise to A. J. Dollins & Co., and that said pretended sale was made with intent to delay, hinder and defraud their creditors. The bill avers many facts and circumstances tending to show fraudulent intent of Price Brothers, and that A. J. Dollins & Co. knew of, and participated in that fraudulent intent. If these averments stood alone, they are probably sufficient for an equitable attachment for the seizure of such of the property as can be properly classed as having be-

longed to Price Brothers.　It could go no farther.　If A. J. Dollins & Co. were *mala fide* purchasers by reason of the fraud, that could not fasten a liability on their property not acquired from Price Brothers, farther than to render them personally liable for the property thus acquired, to the extent they had sold, consumed, or otherwise converted it.

The bill does not stop with the averments noted above. It shows that, soon after the alleged sale to A. J. Dollins & Co.—to-wit, January 4, 1889—three several creditors of Price Brothers sued out attachments against them, which were levied on the entire property conveyed to A. J. Dollins & Co.; that the latter company interposed a claim to the property (personal) under the statute, and executed claim bonds with two sureties, and retook possession of the property.　This was the inauguration of collateral suits, which, in our jurisprudence, are called "trials of the right of property."　A. J. Dollins & Co. also executed a mortgage to their sureties on the claim bonds, to indemnify them against their suretyship.　In this mortgage they conveyed all the property they had acquired from Price Brothers, and additional property.　There is no averment in the bill that the property conveyed by Price Brothers, on which the attachments at law had been levied, was of greater value than the aggregate of the claims under which they had been attached.

This bill was filed in November, 1889, and one of its prayers is, that the older attaching creditors be required to exhaust the property of A. J. Dollins & Co. mortgaged to their sureties, before utilizing the property acquired from Price Brothers.　There was a prayer for the appointment of a receiver, and that the property conveyed by Price Brothers to A. J. Dollins & Co., including the store-house, store-fixtures, and all the merchandise, and bills receivable, which were in the store, be placed in the hands of such receiver.　This prayer was granted, the receiver appointed, and placed in possession, and from that order the present appeal is prosecuted.

The property which had been attached, and to which statutory claim had been interposed, was in the custody of the law, and it was error to take it away from such custody, and place it in the hands of a receiver.　It was alike prejudicial to the rights of the claimants and their sureties, and to the prior acquired jurisdiction of the law court over the *res*, which was the subject of contention.—*Rives v. Wilborne,*

[Watson v. Turner.]

6 Ala. 45; *Langdon v. Brumby*, 7 Ala. 53; *Kemp v. Porter*, *1 b.* 138; *Read v. Sprague*, 34 Ala. 101. The only exception to this rule is, when the second seizure is under process which has a paramount lien.

And, though not necessary to be decided, lest we be misunderstood, we will state, it should be a very strong case, sustained by strong affidavit or affidavits of fact and urgency, to justify the appointment of a receiver, and the dispossession of the owner of his presumptive right to control his own property, with no bond to compensate him for its wrongful seizure, when, as in this case, there was no notice of the application.—*Brierfield Iron Works v. Foster*, 54 Ala. 622; *Hughes v. Hatchett*, 55 Ala. 631 ; *Weis v. Goetter, Weil & Co.*, 72 Ala. 259; *Moritz v. Miller*, 87 Ala. 331; *Thompson v. Tower Man. Co., 1 b.* 733.

Decretal order appointing the receiver reversed, and the appointment vacated.