# Word *v.* Word.

*Bill in Equity for Settlement of Partnership Accounts.*

90 81
122 413

1. *Premature suit against administrator.*—A bill in equity against an administrator, individually and as surviving partner of his intestate, to compel a settlement of the partnership accounts, is prematurely filed within six months after the grant of administration (Code, § 2263); and if it is filed by a distributee, alleging that there are no debts against the partnership, and asking a settlement and distribution of the intestate's estate, it is prematurely filed before the lapse of eighteen months (*Ib.* § 2134).

2. *Parties to bill.*—When the surviving widow, as distributee of her husband's estate, files a bill against the administrator, who was the brother of the intestate, seeking to compel a settlement and distribution of the estate, and alleging that the intestate left no children, she must also allege that he left no collateral relations except the defendant, or, if any, must make them parties.

3. *Allegations of bill; certainty and definiteness.*—When the averments of a bill leave it doubtful whether its object is to charge the defendant as a trustee *in invitum*, or as surviving partner; or, when it charges fraud, and does not state the facts constituting fraud; in either case, it is demurrable for vagueness and indefiniteness.

4. *Partnership; presumed equality of partners.*—In the absence of averment and proof to the contrary, partners are presumed to have equal interests in the partnership assets.

5. *Receiver of partnership assets, as against surviving partner.*—On bill filed by the widow of a deceased partner, who is also a distributee of his estate, against the surviving partner, individually and as administrator, alleging and proving that he has failed to take an account of the stock on hand, continued to sell goods, but kept no account of sales and receipts, and that he has no property to answer for any default, a receiver may be appointed, or the defendant be required to give bond for the faithful administration of his trust; and such a bill may be filed without waiting the lapse of six months from the grant of administration.

APPEAL from the Chancery Court of Cherokee.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 13th March, 1889, by Mrs. Belle Word, the widow of Samuel P. Word, against Charles Word, individually and as administrator of said decedent, who was his brother; and prayed a settlement of the accounts of the late partnership of Word Bros., composed of the two brothers, "and for such other, different, general or special relief as justice and equity may require." The bill contained the following allegations, the numbers showing the paragraphs:

6

(1.) That Samuel P. Word died, intestate, on the 6th November, 1888, leaving no children; and that he resided in said county at the time of his death. (2.) That Samuel P. was carrying on a mercantile business in Centre in 1886, and had on hand a stock of goods worth $4,000; that he took said Charles Word into the store with him, first as assistant, and then as a partner; and that said Charles contributed only $250 or $300 to the partnership funds, and had no other property whatever. (3.) That the mercantile business of the partnership continued until the death of Samuel P., and there has never been any settlement of the same. (4.) That in 1887 Samuel P. built a livery-stable on a lot which he owned, bought horses and vehicles, and carried on the business up to his death; that Charles Word had no interest whatever in this property or business, but now claims that it was a part of the partnership business. (5.) That the mercantile business was carried on in a large store-house, which belonged to Samuel P. individually, and in which Charles Word had no interest whatever. (6.) That the stock of goods in the store at the death of Samuel P. was worth $7,000, and the firm had about $1,500 in cash in its safe and on deposit; that the defendant immediately opened the store again, and sold goods for cash and on credit, principally for cash, without taking any account of stock, or invoice of goods on hand, and continued so to sell goods for several months during the busiest season of the year, against the protest of complainant. (7.) That defendant was frequently requested to take an account of stock, but failed to do so, and put off complainant from day to day by promises; and she has since learned that he kept no memorandum or account of sales, and no book showing cash received, or goods sold. (8.) That defendant, "in fraud of the rights of complainant, and in violation of good faith, has continued to sell the goods belonging to said partnership, during the prosperous and active business months since the death of said Samuel P., without keeping any account thereof." (9.) "That the conduct and violated pledges of said defendant have led complainant to believe, and she charges, that his object is to defraud her of her just rights; that he came to her house, and demanded the furniture in it, cooking utensils, &c., which were purchased, owned and used by said Samuel P., and has taken some of them to the store." (10.) "That defendant told her he had charged her up with all the things owned by her and her husband, and in their house at his death; all of which was wrong and fraudulent, said Samuel P. having paid for said household goods long before his death." (11.) That the partnership owed no debts at the death of said Samuel P. (12.) That defendant "owns no

property outside of said partnership business, and is totally unable to answer pecuniarily for any default in the sale or management of the goods, &c., so left; that he refuses to settle the partnership, or to pay complainant anything; and she avers that, unless a court of equity intervenes, irreparable loss will result to her, said goods will be disposed of, and said defendant has nothing visible out of which she can be compensated." (13.) That defendant "claims to have owned a one-half interest in said stock and partnership, and that they were jointly interested therein;" that he took, "after persistent effort on the part of complainant, a partial invoice of the stock then on hand, but failed to add many things to the list, and failed to show any debts against the firm, although he said there was $450 due, when he had repeatedly declared, both before and since, that said firm did not owe a dollar." (14.) That said defendant, knowing complainant's helpless and dependent condition, "kept promising to pay her, or to settle the partnership, telling her 'it was as easy to settle as to divide two dollars,' and that he would do so, and kept her content with these promises until the expiration of forty days from the death of said Samuel P., telling her there was no necessity for any administration on his estate, and then sued out letters of administration himself on said estate, and now refuses to settle said partnership, or to pay complainant anything. This was to keep her from administering, and was fraud and deception." (15.) That said defendant, as a partner with said Samuel P., can not settle with himself as administrator, and only a court of equity can afford the necessary relief; and he should be compelled to settle said partnership in this court, and render a full, fair, and complete statement.

The defendant demurred to the bill, assigning the following as grounds of demurrer: (1.) "There is no equity in the bill." (2.) "It fails to show that there are not other necessary and proper parties: it alleges that said Samuel P. left no children, but does not negative the fact that he left other surviving heirs and distributees besides the complainant." (3.) "Improper party, in this: that defendant as an individual is an improper party, and the bill fails to make him a party as surviving partner." (4.) "A good portion of the property complained about, to-wit, the livery-stable and appurtenances thereto, is no ground of equitable interference, there being a complete remedy at law." (5.) "The bill fails to show that said defendant has had a reasonable time in which to wind up the partnership business." (6.) "The bill shows no ground of equitable interference, unless it be by injunction with good and sufficient surety to secure said defendant as surviving

[Word v. Word.]

partner in damages for such interference." (7.) "The object of the bill is too vague and uncertain, in this: it is doubtful whether its object is to charge defendant as a trustee in his own wrong, or as surviving partner." (8.) "The bill fails to disclose what interest defendant had in said partnership." (9.) "To that part of the 9th paragraph which alleges fraud, because the facts which constitute fraud are not set out." (10.) "To the balance of said paragraph, which alleges an interference with the individual property of said decedent, because, if complainant is entitled to any relief as to such property, she has a complete remedy at law." (11.) The allegations of the bill are not sufficient to give the court jurisdiction of said intestate's estate, nor of said partnership matters.

The defendant also filed a plea in abatement, on the ground that the suit was prematurely commenced. The chancellor sustained a demurrer to this plea, and overruled the demurrer to the bill on all the grounds assigned except the third, which was sustained. The defendant appeals, and assigns this decree as error.

MATTHEWS & DANIEL, for appellant.

Jo. A. WALDEN, contra.

STONE, C. J.—Word Bros., composed of Samuel P. and Charles P. Word, were merchant-copartners. The firm was dissolved by the death, intestate, of Samuel P., in November, 1888. After forty days, Charles P. Word was appointed administrator of Samuel P.'s estate. Belle Word is the surviving widow of Samuel P., but he left no descendants. If he left brothers and sisters, or their descendants, other than said Charles P., the record does not inform us of it. It is silent on the subject of such collateral relations.

The present bill was filed by Belle Word, March 15, 1889, about four months after the death of her husband, and it makes Charles P. sole defendant, suing him both as an individual and as administrator of Samuel P. It avers that the firm owed no debts, and its purpose, as shown by the prayer, is to obtain a settlement of the partnership accounts between the partners, and to have Charles P. account for, and pay over the share of Samuel P., his deceased copartner. There is no other specific prayer for relief, and no prayer for injunction or other restraining order.

The defendant demurred to the bill, assigning many grounds, and pleaded that the suit was prematurely brought, being instituted within less than six months after the grant of admin-

istration.—Code of 1886, § 2263. The chancellor overruled most of the grounds of demurrer to the bill, and sustained a demurrer to the plea. From those rulings the present appeal is prosecuted.

Framed, as the present bill is, for a settlement of the partnership, the suit was prematurely brought, and the plea ought to have been sustained. There is an additional phase of this question. Mrs. Belle Word claims as surviving widow and distributee of her deceased husband, and she can not compel the administrator, against his consent, to settle and distribute that estate, until the expiration of eighteen months after his appointment.—*Carroll v. Richardson*, 87 Ala. 605.

The second ground of the demurrer to the bill ought to have been sustained. All the collateral relations entitled to share in the distribution of Samuel P.'s estate were proper and necessary parties; and if there were none other than complainant and defendant, that fact ought to have been averred.—Code of 1886, §§ 1915, 1917, 1919, 1924.

The seventh and ninth grounds of demurrer ought to have been sustained. The averments of the bill, in several particulars, are not specific enough.

If the partnership interests were equal (the law presumes they were, unless the contrary is averred), the eighth ground of demurrer is not well taken. If there were any peculiar, exceptional provisions in the agreement of partnership, on which exceptional relief is prayed, they ought to be stated.

If the livery-stable, its stock and vehicles, were the individual property of Samuel P., then Charles P. has no right to interfere with them as surviving partner. As administrator, however, he could exercise such powers as the statutes confer upon him. And the same remark is applicable to the household and kitchen furniture. The widow's right of exemptions, however, may be asserted in these individual properties, and if necessary to their complement, in Samuel P.'s share in the partnership effects, after the debts of the firm are paid. These individual properties, if owned entirely by Samuel P., have nothing to do with the settlement of the partnership account between the partners, unless, after exhausting all the partnership effects, a balance is found due from the estate of Samuel P. to the survivor.

The purpose of the bill is to charge Charles P. Word, as surviving partner, with the partnership effects, to the control of which he succeeded on the death of Samuel P. In this phase of the bill, it is only with effects he acquired control of by virtue of his survivorship, that he can be held to account. Beyond the security found in any partnership effects that may remain

unconverted, the relief, if any be obtained for his maladministration, will be only a decree against him personally.   There is nothing in the third ground of demurrer.

The bill charges the defendant with conduct that can not be justified.   Although the law, on the death of his copartner, clothed him with the legal title to the partnership effects, they did not become his in individual right.   He took them in trust, and subject to a lien, for the purpose, first, of paying all debts of the partnership, and, second, of accounting to the estate of his deceased copartner for the share to which it was entitled. 2 Lindley Partnership, (Amer Ed.) bottom pages, 597, 598, 600–1, 993, 1007.   If the survivor neglected to take an account of stock, and fails to keep an account of sales, he does not properly execute the trust the law has cast upon him.   And if he is acting thus negligently or faithlessly, and there is danger that the estate of his deceased copartner will suffer by reason of his inability to make good his default—or rather, that there is danger that he can not be compelled to make it good—then, upon a proper bill, with proper averments and proper prayer for relief, we will not say the effects should not be placed in the hands of a receiver, or the said Charles P. placed under a bond to faithfully account, as the chancellor may deem expedient and necessary.—High on Receivers (2d Ed.) §§ 476-7, 489, 490, 493, 531-2.

In seeking the appointment of a receiver, the rules we have heretofore declared should be carefully conformed to.—*Briarfield Iron Works v. Foster*, 54 Ala. 622; *Hughes v. Hatchett*, 55 Ala. 631; *Weis v. Goetter*, 72 Ala. 259; *Moritz v. Miller*, 87 Ala. 331; *Thompson v. Tower Man. Co., Ib.* 733; *Dollins v. Lindsey*, 7 So. Rep. 234; 89 Ala. 217.   Proceedings, such as herein last indicated, may be instituted· at any time after the trust is entered upon, provided the conditions exist which authorize the court to interfere with the possession of the surviving partner.

Reversed and remanded.