# Bank of Florence v. United States Savings & Loan Co.

*Bill in Equity for the Appointment of a Receiver; and to declare a Lien on Assets of a Bank.*

1.  *Appointment of a receiver; when made.*—To justify the appointment of a receiver, it must be shown that there is a reasonable probability that the complainant asking the appointment will ultimately succeed in obtaining the relief sought by the suit; but insufficiencies in a bill, which are curable by amendment, do not form an impediment to the appointment of a receiver, if a case is made by a party with interests to be protected and preserved, entitling him to the general relief prayed for in his bill

2.  *Same; when notice required.*—To justify the appointmet of a receiver without notice, there must be shown a strong case of pressing emergency rendering immediate interference necessary before there is time to give notice, or it must be shown that notice would jeopardize the delivery of the property over which the receivership is to be extended; and when the averments of the bill, upon which the

[Bank of Florence v. United States Savings & Loan Co.]

receiver is asked, are merely that the appointment of a receiver is necessary "to prevent the further unauthorized and illegal action by the person in possession, and to prevent irreparable injury and total destruction of an insolvent's assets," unaccompanied by a statement of the facts constituting the necessity for an immediate appointment, an order appointing a receiver, without notice, is erroneous.

3. *Principal and agent; trust for the payment of money converted by agent.*—The mere fact that a bank, as agent, has converted to its own use the money of its principal, which it failed to account for, and commingled it with its own money, or in some form with its other assets so that it can not be identified, or the specific uses to which it was applied traced, is not sufficient, on a bank becoming insolvent, to impress the general assets of said bank with a trust for the payment of the money so converted and used.

APPEAL from the District Court of Lauderdale, in Equity.

Heard before the Hon. W. P. CHITWOOD.

The present appeal is taken from a decree appointing a receiver of the property of the Bank of Florence, under a bill filed by the appellee, the United States Savings & Loan Co. In addition to the allegations of the bill, which are stated in the opinion, and upon which are predicated the right to have the receiver appointed, the bill also averred that the officers of the bank had, wrongfully and without authority of its stockholders, turned over the assets of the bank to one S. S. Broadus, who had assumed complete control of the same, and that he was pursuing reckless methods in disposing of the assets of said bank.

ROULHAC & NATHAN, and EMMET O'NEAL, for appellants.—To support the appointment of a receiver three things are necessary : (1) a reasonable probability of success on complainant's part in finally subjecting the property to the satisfaction of his lien ; (2) a necessity for resorting to the property to make the debt ; and, (3), a danger that the property will be wasted, disposed of, or gotten out of the reach of the court, so that the lien can not be effectuated.—*Heard v. Murray*, 93 Ala. 131 ; High on Receivers, § § 40, 41, 83.

Neither the mere fact of the collection by the bank of the debts due the complainant nor the commingling of the money from such collection with its funds gives the complainant such a lien as it seeks to assert in the pres-

ent case.—*Ellison v. Moses*, 95 Ala. 221; *Hancock Bros. v. Austin*, 100 Ala. 313.

The allegations of the bill for the appointment of a receiver are not sufficient to justify such appointment.— *Moritz v. Miller*, 87 Ala. 333; *Thompson v. Tower*, 87 Ala. 733; *Weis v. Goetter*, 72 Ala. 259; *Micou v. Moses*, 72 Ala. 439; *Dollins v. Lindsey*, 89 Ala. 217; Beach on Receivers, §§ 110, 111, 112; High on Receivers, § 106.

PAUL HODGES, *contra*, cited *National Bank v Ins. Co.*, 104 U. S. 54; *In re Hallett*, 13 Ch. Div. 696.

BRICKELL, C. J.—The material allegations of the original bill, on which is predicated the right to the appointment of a receiver, and the right to the ultimate equitable relief which is prayed, are capable of being reduced to a narrow compass. The complainant is a corporation organized and existing under the laws of the State of Minnesota, having a place of business in the city of Florence, in this State. The Bank of Florence was engaged in a general banking business at Florence, and became the agent of complainant for the collection of moneys there due and owing, and which were to become due, and was charged with the duty of remitting such moneys to the complainant as collected. Neglecting the duty of remittance of these moneys, the bank suffered the sum of $538.80 to accumulate in its hands, and suspended payments. Though insolvent, the bank made no transfer or assignment of its property and assets, but proceeded in winding up its affairs, with the acquiescence of its creditors. Judgments were being rendered against it, and it was making preferences in payment of its creditors. These are the material allegations of the bill upon which is founded the right to the appointment of a receiver, and the specific relief prayed is, that for the payment of the sum due, the complainant be decreed a lien on all the assets of the bank, in priority of all general liens; by which we suppose is intended, in priority of all creditors not having a specific lien.

When an application is made for the appointment of a receiver, the primary inquiry is, whether there is shown a reasonable probability that the plaintiff asking the appointment will ultimately succeed in obtaining the general relief sought by the suit. If ultimate success is matter of grave doubt, or if, as in the present case, it be

clear, the general relief sought can not be obtained, the appointment ought not to be made·—3 Pom. Eq., (2d Ed.), § 1331; High on Receivers, (2d Ed.), § 8; *Randle v. Carter*, 62 Ala. 95. It is true, as a general rule, that in making or refusing the appointment of a receiver, the court will not forestall or anticipate the decision which may be made on final hearing. This is true, when a case is presented, upon which there is a reasonable probability the plaintiff may ultimately obtain relief. In such cases, the pleadings may not be drawn with technical accuracy : the bill may be subject to demurrer for the want of proper parties, or because of defects of form, or the absence of ˙ substantial allegations; insufficiencies curable by amendment. These insufficiencies, of them· selves, do not form an impediment to the appointment of a receiver, if a case be made by a party having interests to be protected and preserved, entitling him to the general relief which is prayed.—*Ex parte Walker*, 25 Ala. 81.

The relation between the complainant and the Bank of Florence was that of principal and agent, created by their agreement; a legal relation strictly, though to attain the ends of justice and preserve the confidence it involves, courts of equity under some circumstances deal with it as a fiduciary relation. The debt created by the breach of duty of the agent, is a mere simple contract debt, for the recovery of which, legal remedies are adequate.—*Crothers v. Lee*, 29 Ala. 337; *Knotts v. Tarver*, 8 Ala. 743. The demand being a simple contract debt, purely of a legal character, the complainant, in the absence of some peculiar equity, is not entitled to the intervention of a court of equity to enforce its payment. *Reese v. Bradford*, 13 Ala. 838; *Saunders v. Watson*, 14 Ala. 198.

These well recognized principles are not controverted. The insistence is, that as the agent converted to his own use the money of the principal, commingling it with his own money, or in some form with his other assets, so that it can not be identified, or the specific uses to which it was applied traced, it is sufficient to trace it into the general assets of the agent to impress them with a trust for the payment of the money, a trust which is peculiarly of equitable cognizance.

It is true, that a trustee, or an agent, or other person

standing in a fiduciary relation, can not derive benefit
from commingling with his own, the moneys of his
*cestui que trust* or principal. And it is equally true, that
if he makes an investment of such moneys, a court of
equity so long as the moneys may be distinctly traced,
will follow them, and impress upon the investment the
trust to which the moneys were subject. The conver-
sion of the trust moneys, as distinguished from other
moneys of the trustee or agent, must be clearly shown.
It is not sufficient to show that there has been a conver-
sion of trust funds, and the acquisition or possession by
the trustee or agent of property or assets, which may be
supposed a substitute for such funds. As is said by the
Supreme Court of Massachusetts : "The court will go
as far as it can in tracing and following trust money ;
but when, as a matter of fact, it can not be traced, the
equitable right of the *cestui que trust* to follow it fails.
Under such circumstances, if the trustee has become
bankrupt, the court can not say that the trust money is
to be found somewhere in the general estate of the trus-
tee that still remained; he may have lost it with proper-
ty of his own ; and in such case, the *cestui que trust* can
only come in and share with the general creditors."—*Lit-
tle v. Chadwick*, 151 Mass. 109. There is no question of
tracing or identifying the moneys of the principal. The
naked averment of the bill is, that in violation of duty,
the agent converted to his own use the moneys of the
principal, creating a mere simple contract debt. There
is no averment that the assets upon which it is sought to
fasten the trust, had not been acquired by the agent be-
fore the conversion ; no averment that in any form the
moneys of the principal entered into their acquisition.
All that can be said is that which may be said of any
delinquent trustee, or agent, that he had converted the
moneys of his *cestui que trust*, or principal, and from the
business in which the agent was engaged, it may be pre-
sumed that in the course of the business, they were com-
mingled and used with the moneys of the agent. If a
trust were raised to charge the assets of the agent, a like
trust would arise and be fastened on the general assets
of every delinquent agent or trustee, a trust which would
prevail against all others than *bona fide* purchasers. The
moneys of the principal, are incapable of being identified
and traced into any of the assets of the bank, and this

being true, the principal, we repeat, is a mere simple contract creditor of the agent, not entitled to any preference or priority of payment over other creditors.—*Ellison v. Moses*, 95 Ala. 221; *St. Louis Brewing Ass'n v. Austin*, 100 Ala. 313. It is quite an error to suppose that the two cases chiefly relied on by counsel for the appellee, (*National Bank v. Ins. Co.*, 104 U.S. 54; *In re Hallett*, 13 Ch. Div. 696), support a contrary doctrine. It is apparent the original bill is without equity, the complainant is not entitled to the general relief sought, and the appointment of the receiver was erroneous.

If the case was of equitable cognizance, entitling the complainant to relief, a fatal objection to the regularity of the order appointing the receiver is, that it was made without notice to the defendants. A receiver may be appointed without notice to the defendant who is to be dispossessed of his property or assets, but the cases in which notice may be dispensed with, are exceptional. There must be shown a strong case of pressing emergency, rendering immediate interference necessary before there is time to give notice; or it must be shown that notice would jeopardize the delivery of the property over which the receivership is to be extended.—*Moritz v. Miller*, 87 Ala. 331; *Dollins v. Lindsey*, 89 Ala. 217. The averment of the bill, on which the court below proceeded to the appointment without notice, is expressed in these words: "And complainant alleges the necessity exists for the appointment of a receiver to prevent the further unauthorized and illegal action by the said Broadus and to prevent irreparable injury and total destruction of the assets of the said bank." It is not on such vague and indefinite allegations, the opinions or conclusions of the pleader, not accompanied by a statement of the facts on which they are founded, that notice of a judicial proceeding can be dispensed with, and parties deprived of the possesion or control of property. The particular facts and circumstances, supposed to create the necessity for the immediate appointment, should have been stated, submitting to the judgment of the court, whether they created the necessity, the pressing emergency, for judicial interference.—*Verplanck v. Mercantile Ins. Co.*, 2 Paige, 438. Upon the bill alone, without affidavits or other evidence, the appointment was made.

[Matthews v. Matthews.]

The order appointing the receiver must be vacated and annulled, and the cause remanded.

Reversed, rendered and remanded.