# American Freehold Land Mortgage Co. v. Turner *et al.*

*Bill in Equity to correct Misdescription of Land in a Deed.*

1. *Bill to correct deed; appointment of receiver: when properly set aside.*—Where on a bill filed by a mortgagee to correct a misdescription of the land conveyed in the mortgage, a receiver is appointed by the register, on petition of complainant, to take charge of valuable improvements which were supposed to be a part of the land intended to have been embraced in the mortgage and which would be included in the proposed correction, the correctness and propriety of the appointment of the receiver is dependent upon (1) whether, on the case made by the bill and exhibits, the answers of respondent and the depositions taken and *ex parte* affidavits submitted by both parties, there is a reasonable probability that, on the final hearing, the complainant will be entitled to a correction of the description of the land as contained in the mortgage so as to include the property placed in the hands of the receiver; and (2) if so, was it the mutual understanding and intention of the parties to include such improvements in the mortgage.

2. *Same; same; same.*—Were on a bill filed by a mortgagee to correct a misdescription of the lands conveyed in the mortgage, a receiver was appointed by the register, on petition of complainant, to take charge of a mill and its appliances, which were situated on lands within the corrected description as prayed for, it is shown that the land upon which the mill was situated was not, in fact, a part of the land intended to be conveyed in the mortgage, although both the mortgagor and the mortgagee thought so, and that the mill and the appliances were not specifically mentioned in the mortgage, but the land was described by numbers and conveyed together with the houses, tenements and appurtenances thereunto belonging, and it does not sufficiently appear to have been mutually understood that the mill should pass under the mortgage, the receiver was wrongfully appointed, and his appointment is properly set aside.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellant against the appellees, to correct a misdescription of lands conveyed by respondents in a mortgage to the complainant. The facts of the case are sufficiently stated in the opinion.

[American Freehold Land Mortgage Co. v. Turner *et al.*]

HUMES, SHEFFEY & SPEAKE, for appellant.—The loan from the complainant was obtained upon the faith of the statement contained in his application, &c. Turner, himself, described the mill and machinery, and his agent, in negotiating the loan, said that the mill was built upon said lands, and this statement was made for the express purpose of affording a better security for the loan applied for. Therefore, the decree revoking the appointment of the receiver, which had been previously made, was erroneous.—*Amer. Freeh. Land Mortgage Co. v. Turner,* 95 Ala. 272.

The court has power to correct the description, notwithstanding the fact that there has been a foreclosure of this mortgage, and it is the right and duty of the court to do it. The fairness and regularity of this sale has not been impugned.—*McGehee v. Lehman,* 65 Ala. 316.

The affidavit and evidence in this case show that the mill and machinery therein passed by the mortgage as fixtures to the land. The tests for determining what are fixtures, require that the article under consideration shall be (1) actually annexed to the realty or to something appurtenant thereto; (2) appropriate to the use or purpose of that part of the realty with which it is connected; (3) intended by the party making the annexation to be a permanent accession to the freehold.—*Rogers v. Sterling Mfg. Co.,* 81 Ala. 488; *Tillman v. DeLacy,* 80 Ala. 103; *DeLacy v. Tillman,* 83 Ala. 155; *Arnold v. Crowder,* 81 Ill. 56; *Winslow v. Mer. Ins. Co.,* 4 Met. (Mass.) 306; *Holland v. Hodgson,* 7 C. P. (L. R.) 328; *Patton v. Moore,* 16 W. Va. 428, 37 Amer. Rep. 789; *Trull v. Fuller,* 28 Me. 545; *McNally v. Connolly,* 70 Cal. 3; 8 Amer. & Eng. Encyc. of Law, 45, 53, n. 1.

D. D. SHELBY and S. S. PLEASANTS, *contra.*—To obtain the correction there should be mutuality of mistake. The mistake of one party does not warrant the reformation of the mortgage.—20 Amer. & Eng. Encyc. of Law, 715, citing *Ranney v. McMullen,* 5 Abb. (N. Y.) N. C. 246; 1 Jones on Mortgages, 98; *Guilmartin v. Urquhart,* 82 Ala. 570; *Hinton v. C. M. I. Co.,* 63 Ala. 493. The writing is to be considered the proper expression of the contract "until the contrary is established beyond reasonable controversy."—*Clopton v. Martin,* 11 Ala. 187.

The mill and its appliances are not sufficiently described, and the evidence does not show that they were so affixed to the estate as to pass by the mortgage.—*Rogers v. Prattville Mfg. Co.*, 81 Ala. 485; *DeLacy v. Tillman*, 83 Ala. 155.

COLEMAN, J.—Daniel H. Turner, desiring to secure a loan of money, executed to the appellant a mortgage on a large body of lands aggregating 2,405 acres. Default having been made in the payment of the debt, the mortgagee foreclosed the same by power and authority contained in the mortgage, and subsequently by suit in ejectment recovered the lands conveyed in the mortgage.

The present bill was filed to correct a misdescription of a portion of the lands as described in the mortgage. The description in the mortgage, averred to be erroneous, is as follows: "Thirty acres in south-west part of north-west quarter of section 33, T. 1 and R. 2, West." The bill avers that the lands intended to be conveyed are described as follows: "All the north-west quarter of section 33, on the south side of Limestone creek, containing thirty acres more or less, in township 1, range 2, West." There is valuable mill property situated on the north-west quarter of section 33, south of Limestone creek which will be included in the proposed correction, and which was not conveyed in the mortgage, under the description of thirty acres in the south-west part of the north-west quarter of section 33—the mill property being about one hundred and fifty yards north of the north boundary line of the said thirty acres. Upon the petition of complainant, the register appointed a receiver to take charge of the mill property, including ginning mills and all appurtenances thereto belonging &c. Upon appeal to the chancellor the order of the register appointing a receiver was set aside and annulled. The case comes before us on an appeal from the order of the chancellor, setting aside the appointment of a receiver by the register. There are two questions which we deem it important to consider, in disposing of the case presented by the appeal. First, whether under the case made by the bill and exhibits, and the answer of respondents, and the depositions taken, and *ex parte* affidavits submitted by both parties, there is a reasonable probability, that on the final hearing the complainant will be

entitled to a reformation of the description of the land as given in the mortgage so as to include the mill property? And second, if so, was it the mutual understanding and intention of the parties to include in the conveyance the machinery and appliances of the mill &c.?—*Bank of Florence et al. v. United States Savings Loan Co.*, 104 Ala. 297.

The abstract of title shows that the United States Government issued a patent for the north-west quarter of section 33, T. 1, R. 2, West to William Easter, and by mesne conveyances this land became the property of Benj. E. Morris. The conveyance from Benj. E. Morris to Thos. M. Morris described the lands sold as "S. W. part of N. W. ¼ 30 acres, sec. 33, T. 1, R. 2, West." The deed to Thos. M. Morris did not include the strip of land in controversy upon which the mill property is located. In subsequent conveyances, this lot of land is described sometimes as "30 acres in south part of N. W. ¼ of sec. 33," and at other times, "30 acres, part of N. W. ¼ of sec. 33," and under this description, the land became the property of Reuben W. Bayless. The immediate vendors of the respondent, Daniel H. Turner, acquired their interest in the land under the following description: "All of N. W. ¼ south of Limestone creek sec. 33, T. 1, R. 2, West, 30 acres south part of N. W. ¼ sec. 33, T. 1, R. 2, West," and it was under this description, the lands were conveyed to Turner, and in this right they were held and owned by him, at the time he procured the loan, and executed the mortgage. The lands thus described lying south of Limestone creek fairly interpreted included the mill property.

In making the application for the loan, Daniel H. Turner was asked the following questions: "6. Is there a grist mill or steam engine on the land, if so describe fully? Ans. A number one grist mill, flour mill, water power, frame building, 4 stories high, new and in complete order.

"7. On what part of the land are the buildings? Are they all on above described lands? Ans. Yes."

In the answer of respondent Turner, the mortgagor, he states as follows: "It is true, however, that at the time of the execution of the mortgage, respondent beleived that the mill referred to was situated on the land described in the mortgage." In his affidavit, respond-

ent refers to his answer as true, and reiterates the statement that he supposed the mill property was on the land conveyed in the mortgage, until after the judgment in the ejectment suit and the surrender of the lands, and until they were surveyed. These facts considered in connection with the affidavits and evidence introduced by complainant, it is fairly probable that it was mutually understood and agreed that the lands south of Limestone creek and upon which the mill property was situated should be, and was believed to be, included in the mortgage. The error, if there was such, we infer arose from the conclusion, that thirty acres included all the land in the north-west quarter of section 33, south of Limestone creek, and that for this reason, in the mortgage the parcel of land was described as it had been in the deeds executed to purchasers prior to the purchase of respondent Turner, from Pearson and Bayless, his immediate vendors, instead of following the same description contained in their deeds of conveyance to him.

As to the second proposition, was it the understanding and agreement of the parties, that the mill and machinery and appliances were included in the mortgage, and passed with the land and houses and tenements? The mills and appliances are not specifically mentioned in the mortgage. The land is described by numbers, and is conveyed together with the houses, tenements, hereditaments and appurtenances thereto belonging. We are not prepared to say that under this general description that anything passed other than realty proper, and such as had become fixtures and were made a part of the realty by the intention and agreement by the parties. Upon a careful examination of the bill and answers and the affidavits filed in support of and against the appointment of a receiver, we are not sufficiently satisfied to hold that complainants are entitled to a receiver to take charge of this property and hold it until the termination of the litigation, to the exclusion of the possession by the respondent Goode, who had purchased it from Turner. If complainants apprehend loss from its removal from the premises by the respondent Goode, upon proper application, supported by facts, no doubt the chancery court has ample authority and will enjoin its removal, upon the execution of

[McAnally v. Heflin.]

bond with good and sufficient security to indemnify Goode against all loss, which he might sustain by reason of such injunction. In this way, the rights and interest of all parties may be fully protected, until final decree.

We find no error in the record.

Affirmed.