# Pollard, Assignee, *et al. v.* Southern Fertilizer Company.

*Bill in Equity for the Appointment of a Receiver.*

| | |
|---|---|
| 122 | 409 |
| 124 | 629 |
| 122 | 409 |
| 129 | 607 |
| 122 | 409 |
| 131 | 116 |
| 122 | 409 |
| 137 | 171 |

1. *Receiver; what necessary to authorize appointment without notice.*—To justify the appointment of a receiver without notice, there must be shown a strong case of pressing emergency, rendering immediate interference on the part of the court necessary before there is time to give notice, or it must be shown that notice would jeopardize the delivery of the property over which the receivership is to be extended.

2. *Same; same; when averments of bill are insufficient.*—The mere averments in a bill, filed for the appointment of a receiver, that the complainant is in great danger of suffering irremediable loss and damage, unless the assets in the hands of the assignee under a deed of assignment from complainant's debtor be turned over to a receiver duly appointed by the court, unaccompanied by a statement of the facts constituting the necessity for immediate appointment, or by the further averment that the assignee has ben guilty of any misconduct or fraud in the administration of the trust, or is incapable of administering it, or is insolvent, or that there was just cause to

[Pollard, Assignee, *et al.* v. Southern Fertilizer Co.]

apprehend a waste or loss, are insufficient to justify the appointment of a receiver without notice to the parties defendant; and an order so appointing a receiver is erroneous.

3. *Same; insufficiency of verification of bill.*—The verification of a bill in chancery, which prays for the appointment of a receiver, as made by the attorney for the complainant, which recites "that the facts and allegations stated therein, so far as they come within his own knowledge are true, and so far as derived from the knowledge of others he believes them to be true," is wholly insufficient, and amounts to no evidence of the truthfulness of the facts averred in the bill.

APPEAL from the Chancery Court of Russell.

Heard before the Hon. W. L. PARKS.

The bill in this case was filed by the appellee, the Southern Fertilizer Company, against J. L. Henry, W. C. Henry and J. L. Pollard, as assignee of J. L. Henry & Brother, a partnership composed of J. L. Henry and W. C. Henry. The complainant prayed that J. L. Pollard be restrained and enjoined from paying out or otherwise disposing of any of the funds that were in his hands at the time of the filing of the bill, or that might come into his hands from collections made by him under the authority of the deed of assignment, and for the appointment of a receiver to take charge of the moneys, books, accounts, notes, mortgages and other evidences of indebtedness which were owned at the time of the deed of assignment by J. L. Henry & Brother, and for such other and further relief as the equities of the bill showed the complainant was entitled to.

The only evidence as to the truth of the averments of the bill, as shown in the record was the verification by one of the attorneys, which verification was as follows: "In person appeared before the undersigned officer, H. M. Land, who first being sworn, deposes and says that he is attorney at law for the complainant named in the foregoing bill, and that the facts and allegations stated therein, so far as they come within his own knowledge are true, and so far as derived from the knowledge of others, he believes them to be true." This verification was duly signed before an officer authorized to administer oaths. The facts as averred in the bill

upon which the complainant rested its right to the appointment of a receiver are sufficiently stated in the opinion.

Upon the filing of this bill, application was made to the chancellor by the complainant for the appointment of a receiver in vacation, and without notice, and was submitted upon the averments of the bill and the verification thereof. Upon the hearing of this application, the chancellor granted it, and appointed a receiver. From this decree the respondents appeal and assign the rendition thereof as error.

SMITH & HENRY, for appellants.—Trustee should be displaced by receiver only for peril to trust fund. There is no peril to the trust fund alleged in the bill.—*Satterfield v. John*, 53 Ala. 127; *Randle v. Carter*, 62 Ala. 95.

Before a receiver is appointed it must appear that the assignee is unfit or incompetent, or has been guilty of some neglect or breach of duty.—*Jones v. McPhillips*, 77 Ala. 319.

The verification is entirely defective. It is, in fact, no verification at all, being even worse than the one unqualifiedly condemned in *Burgess & Co. v. Martin*, 111 Ala. 656.

MILLER & MILLER and H. M. LAND, *contra*.

TYSON, J.—This is an appeal from a decree appointing a receiver without notice. The bill seeks to have the assets of the insolvent firm of J. L. Henry & Brother taken from the possession of the assignee, to whom they made an assignment of all their property for the benefit of their creditors. The facts alleged in the bill upon which the complainant predicates its prayer for relief and its cause of action against Henry & Brother, are very loosely stated. The averments are vague and indefinite, and especially is this true as to the disposition of the money by Henry & Brother which complainant alleges belonged to it. It is unnecessary, however, to give an extended notice to any of them except in so far as they bear upon the rights of Pollard, the assignee, who

it is averred, is in the possession of the property conveyed to him by the deed of assignment and in the discharge of the trust imposed upon him by said deed. As to his conduct and administration of the trust, it is averred that he has collected a large sum of money of the assets of Henry & Brother which is the property of the complainant and refused to deliver it to complainant upon demand. That he has given no bond to faithfully administer the estate and is likely to pay over to various creditors of Henry & Brother the funds now in his hands and to come into his hands realized from the collections made from the sale of complainant's property, and which is the money of complainant, "and as complainant has no remedy at common law by which it can wrest said trust funds out of the hands of said Henry & Brother or J. L. Pollard, as assignee, and by which it can compel said assignees to pay over to it said trust funds now in his hands, or that may come into his hands from future collection, your complainant is in great danger of suffering irremediable loss and damage without the interposition of the court of equity, and complainant avers that it is necessary to have a receiver duly appointed to take charge of and administer the assets herein referred to, wherefore complainant prays," etc.

In *Thompson v. Tower Manufacturing Co.,* 87 Ala. 733, this court said: "It should be a strong case of emergency and peril, well fortified by affidavits, to authorize the appointment of a receiver without notice to the other party." Substantially the same language is used in the opinion in *Dollins & Co. v. Lindsey & Co.,* 89 Ala. 217.

In *Satterfield v. John,* 53 Ala. 127, it is said: "A court of equity will compel a trustee to the performance of his duty, and will enjoin him from taking the custody of trust funds, when he has been guilty of such misconduct, as creates a reasonable apprehension of their safety, if they pass under his control; or if he is insolvent, and there is a just probability of his wasting or misapplying them. It is the peril of the funds—the just and probable cause to apprehend waste or loss—that induces the interference of the court and the displace-

[Pollard, Assignee, *et al.* v. Southern Fertilizer Co.]

ment of the legal right of the trustee, to collect and hold them."

In the case of *Bank of Florence v. United States Savings & Loan Co.,* 104 Ala. 297, it is said : "A receiver may be appointed without notice to the defendant who is to be dispossessed of his property or assets, but the cases in which notice may be dispensed with are exceptional. There must be a strong case of pressing emergency, rendering immediate interference necessary before there is time to give notice; or it must be shown that notice would prejudice the delivery of the property over which the receivership is to be extended."

It might be well to say that in this proceeding we are confined to the averments of the bill, and no intendments are to be indulged, not legitimately and logically drawn from the facts averred. In other words, amendable defects will not be treated as cured, as would be the case if the bill was before us on motion to dismiss for want of equity. It will be noted, that in the averments which we have set out above at some length, it is not intimated, much less averred, that the assignee has been guilty of any misconduct or fraud in the administration of the trust, or is incapable of administering it, or that he is insolvent, or that there is a just and probable cause to apprehend waste or loss. The averment that complainant is in great danger of suffering irremediable loss and damage is a mere conclusion of the pleader and must in this case, be referred to the facts averred, from which he deduces this conclusion, and therefore can have no weight in determining the question of emergency and peril. In addition to the cases cited and quoted from above, a reference to the following cases will show the utter insufficiency of the averments of this bill: *Randle v. Carter,* 62 Ala. 95 ; *Bard v. Bingham,* 54 Ala 463 ; *Hughes v. Hatchett & Trimble,* 55 Ala. 631 ; *Moritz & Weil v. Miller, Schram & Co.,* 87 Ala. 331 ; *Briarfield Iron Works Co. v. Foster,* 54 Ala. 622 ; *Jones v. McPhillips,* 77 Ala. 319 ; *Ashurst v. Lehman, Durr & Co.,* 86 Ala. 370 ; *Word v. Word,* 90 Ala. 81 ; *Maxwell v. Peters Shoe Co.,* 109 Ala. 371 ; *Warren & Co. v. Pitts et al.,* 114 Ala. 65.

[Beall v. Folmar Sons & Co.]

Besides, no facts supposed to create the necessity for the immediate appointment are stated.—*Bank of Florence v. U. S. Savings & Loan Co.*, 104 Ala. 297, *supra*.

The only evidence as to the truth of the averments of the bill, as appears from the record, upon which the chancellor acted, was what purports to be a verification, by one of the counsel for the complainant, to the bill. This verification was so defective that it practically amounted to no evidence of the truthfulness of the facts alleged in the bill. It was in substance the same as those condemned by this court in the cases of *Globe Iron Roofing and Corrugating Company v. Thatcher*, 87 Ala. 458; *Dennis v. Coker*, 34 Ala. 611, and *Burgess & Co. v. Martin*, 111 Ala. 656.

The order appointing receiver must be vacated and annulled. The receiver will be required to account for the property which went into his hands, and the assets restored to the assignee.

Reversed and remanded.