# Hayes *v.* Jasper Land Co., *et al.*

### *Bill for an Accounting and for Receiver.*

(Decided June 30th, 1906.　41 So. Rep. 909.)

1. *Receivers; Appointment; Sequestration.*—The power to appoint a receiver and sequestrate property should be exercised with caution, and only where it appears that plaintiff will sustain irreparable loss without it.

2. *Same; Appointment Before Decree on Merits.*—To justify the appointment of a receiver *in limine*, before decree on merits, it should appear that there is reasonable probability of obtaining the general relief sought, and that the property, the subject of the suit, is in imminent danger.

3. *Same; Other Remedies.*—If any other remedy will afford adequate protection to the applicant, a receiver should not be appointed at any stage of the proceedings.

4. *Same; Corporation; Directors and Officers Misappropriating Assets.*—The fact that the directors and officers of a corporation are fraudulently misappropriating its assets will not alone constitute grounds for the appointment of a receiver. If they are solvent, complainant has an adequate remedy.

5. *Same.*—The remedy by accounting being adequate, the fact that the president of a corporation acquired a majority of its stock with corporate funds, in violation of his trust as such president, would not authorize the appointment of a receiver at the isntance of a minority stockholder; for the corporation has an option to hold him to an accounting or to ratify his acts and claim the shares so purchased.

APPEAL from Walker Chancery Court.
Heard before Hon. A. H. BENNERS.

LONDON & LONDON, for appellant.—No demand on the board of directors or stockholders was necessary under the facts alleged.—*Montgomery Traction Co. v. Harmon*, 140 Ala. 585; *Montgomrey Light Co. v. Lahey*, 121 Ala. 131.

Payment of the money taken or giving security therefor is no answer to the demand for a receiver.—*Morris*

[Hayes v. Jasper Land Co., *et al.*]

*v. Elyton Land Co.*, 125 Ala. 26. Verification of the answer by Musgrove is wholly insufficient and of no probative value.—*Burgess v. Martin*, 111 Ala. 656; *McKissick v. Voorhees*, 119 Ala. 101; *Schlisher v. Brock*, 124 Ala. 626; *Heihans v. Coke*, 134 Ala. 223; *Guiton v. Terrel*, 132 Ala. 66; *Pollard v. Southern Fert. Co.*, 122 Ala. 409. Notice of meeting of stockholders was necessary.— Sec. 1280, Code 1896; 10 Cyc. 323; 2 Cook on Corporations, Sec. 595. Dividends cannot be declared from the capital stock.—2 Cook on Corporations, Sec. 548. The capital stock can only be reduced in the manner prescribed by statute.—Acts 1903, p. 335; *Granger L. Ins. Co. v. Kemper*, 73 Ala. 325; 1 Thomp. Corp. Sec. 2114. Notice of the stockholder is not material and burden on the defendant.—*Cobb v. Lagard*, 129 Ala. 488. The stock register is evidence of who are stockholders. Secs. 1261 and 1263, Code 1896. Under the statute the person in whose name the stock is registered is the owner.—*Winter v. Montgomery County*, 89 Ala. 544; *White v. Rankin*, 90 Ala. 541; *Wetumpka v. Kidd*, 124 Ala. 242. The answer is evidence when responsive direct and clear.—*Hartley v. Matthews*, 96 Ala. 224; *Mabel M. Co. v. Pearson*, 121 Ala. 567. As to new or irresponsive matter it is not evidence.—Cases supra; *Bolling v. Roman*, 95 Ala. 518; 105 Ala. 607; 96 Ala. 498. General denials are not sufficient.—*Henry v. Watson*, 109 Ala. 335. Literal denials are also insufficient.—*Henry v. Watson*, supra. Material matters within the knowledge of the defendant which are not denied must be considered as admitted.—*Grady v. Robertson*, 28 Ala. 289; *Smilie v. Siler*, 35 Ala. 88.

E. H. CABANISS and DAVIS & FITE, for appellee.—Power to appoint a receiver and sequestrate property will be exercised with great caution. There can be resort to this remedy only in extreme cases.—Alderson on Receivers, Sec. 49; *Randell v. Carter*, 62 Ala. 95; *Fort Payne F. Co. v. Iron Co.*, 96 Ala. 472; *Ensley Development Co. v. Powell*, 147 Ala. 300; *Gilbreath v. Union Bank*, 121 Ala. 204; *Briarfield Iron Works Co. v. Foster*, 54 Ala. 634; *Roman v. Woolfolk*, 98 Ala. 234.

To justify the appointment of a receiver *in limine,* before the decree upon the merits of the bill, two grounds must appear:  (a) a reasonable probability that the complainant will succeed. ultimately in obtaining the general relief sought; (b) imminent danger to the property, the subject of the suit.—3 Pomeroy's Equity Jurisprudence, (2d Ed). 1331; *Ashurst v. Lehman,* 86 Ala. 370; *Bank of Florence v. U. S. Sav. & Loan Co.,* 104 Ala. 297; *Warren v. Pitts,* 114 Ala. 69; *Pollard v. Fertilizer. Co.,* 122 Ala. 413.

A receiver should not be appointed at any stage of the proceedings, if any other remedy will afford adequate protection to the party applying.—*Thompson v. Tower. Mfg. Co.,* 87 Ala. 733; *Word v. Word,* 90 Ala. 86; *Pearce v. Jennings,* 94 Ala. 524; *Etowah Min. Co. v. Min. Co.,* 106 Ala. 497; *Bridgeport Dev. Co. v. Tritsch,* 110 Ala. 274; *Roman v. Woolfolk,* 98 Ala. 219; S. C. 13 Sou. 212.

As a corollary to the above rules, it is held, that the mere fact that the directors and officers of a corporation are fraudulently misappropriating the assets of the corporation, constitutes no ground for the appointment of a receiver.  If they are solvent, they can be brought to an accounting, which will afford entire relief, and is, therefore, an adequate remedy.—*Briarfield Iron Works v. Foster,* 54 Ala. 622; *Ala. Coal & Coke Co. v. Shackelford,* 137 Ala. 224; *Donald v. Manufacturers' Export Co.,* (Ala.) 38 Sou. 841; *Marcuse v. Gullett Gin Co.;* (La.) 27 Sou. 846; *Edwards v. Bay State Gas Co.,* 91 Fed. 942.

DOWDELL, J.—The bill in this case is by a minority stockholder, and in which the corporation and its president are made respondents.  The purpose of the bill is to require an accounting by the respondent Musgrove, the president of the corporation, for certain alleged dealings and transactions by him as such officer, and the bill also prays for the appointment of a receiver for the respondent corporation, and is accompanied by a petition to the chancellor for such appointment.  On the hearing of this petition the chancellor refused to ap-

point a receiver, and it is from this order refusing to appoint that the present appeal is prosecuted.

The equity of the bill, and the right of the complainant as a minority stockholder to file the same, are questions that we need not consider. The chancellor, in his opinion accompanying the decree, upheld the equity in the bill, and there is no contention by counsel for appellees that the ruling of the chancellor in denying the petition for a receiver should be here considered with reference to these questions, but solely with reference to the question of any necessity for a receivership, on the facts as presented by the petition, bill, answer, and affidavits, on which the application for the appointment of a receiver was heard.

The bill, as amended, avers that of the 4,990 outstanding shares of the capital stock of the Jasper Land Company, the complainant owns 22 1-3 shares, having purchased the same on the 2d day of September, 1905; that the respondent Musgrove has controlled the affairs of the land company since the 29th day of April, 1901, owning or controlling over 4,700 shares of said capital stock; that he has abused his control of said corporation and his trust as vice president and general manager, and later as president; that he has loaned to himself, and to companies owned and controlled by him, large sums of money belonging to the land company; that he has called stockholders' meetings without notice, and has presented and had allowed by the stockholders and directors unfounded claims and demands against the land company; that on September 13, 1905, he procured to be declared a dividend of $29.50 per share of the stock of the land company, which was paid out of the capital assets of the company; that he has taken and is now taking from the treasury excessive sums in the form of salaries and expenses; that he is in the absolute control of the said land company, and of its money, and assets; and that, unless the same is taken from him and protected by a court of equity, he will continue to appropriate the same to his own use, under various guises and devices, which would make it difficult, if not impossible, to trace

and recover the same. It is not averred in the bill that either Musgrove or the respondent corporation are insolvent. The bill further shows that the defendant corporation has a board of directors and officers that have the management and control of its business and affairs, and it is not denied that these officers are administering the business purposes of the corporation, though it is charged that the board of directors are under the domination and control of the said Musgrove, and that through the mismanagement and fraud the corporation will ultimately be destroyed. The answer of Musgrove denies, circumstantially and in detail, the various charges of fraud and mismanagement, and avers that he is perfectly solvent and able to respond to any amount that may be found to be due to the land company upon any of the charges set forth in the bill. He offers to come to an accounting with the company and pay whatever may be found to be due from him to the company. It is further alleged in his answer that both he and the land company are entirely solvent. It is also averred upon information and belief that the complainant is not the bona fide owner of the 22 1-3 shares claimed by him, but that the transfer to him was merely colorable, in furtherance of a conspiracy to harass the respondent Musgrove by bringing this suit. The answer of the land company adopts the answer of Musgrove.

The general rule is well established that the power to appoint a receiver and sequestrate property will be exercised with great caution, and a resort to this remedy can only be had in extreme cases, and where it appears that without it the plaintiff will sustain irreparable loss. —Alderson on Receivers, § 49; High on Receivers (3d Ed.) §§ 18, 19; *Randle v. Carter,* 62 Ala. 95; *Fort Payne Furnace Co. v. Iron Co.,* 96 Ala. 472, 11 South. 439, 38 Am. St. Rep. 109; *Ensley Dev. Company v. Powell,* 147 Ala. 40 South. 137; *Gilreath v. Union Bank & Trust Company,* 121 Ala. 204, 25 South. 581. Another principle of law, which seems to be as well settled, is that, to justify the appointment of a receiver in limine before the decree upon the merits of the bill, two grounds must appear: First, a reasonable probability that the com-

plainant will succeed ultimately in obtaining the general relief sought; second, imminent danger to the property, the subject of the suit.—3 Pomeroy's Equity Jurisprudence (2d Ed.) 1331; *Ashurst v. Lehman,* 86 Ala. 370, 5 South. 731; *Bank of Florence v. U. S. Savings & Loan Company,* 104 Ala. 297, 16 South. 110; *Warren v. Pitts,* 114 Ala. 69, 21 South. 494; *Pollard v. Fertilizer Company,* 122 Ala. 413, 25 South. 169. Again, a receiver should not be appointed at any stage of the proceedings if any other remedy will afford adequate protection to the party applying.—*Thompson v. Tower Manufacturing Company,* 87 Ala. 733, 6 South. 928; *Word v. Word,* 90 Ala. 81, 7 South. 412; *Etowah Mining Co. v. Wills Valley Mining Company,* 106 Ala. 497, 17 South. 522; *Bridgeport Dev. Co. v. Tritsch,* 110 Ala. 274, 20 South. 16; *Roman v. Woolfolk,* 98 Ala. 219, 13 South. 212.

It has been ruled by this court that the fact that the directors and officers of a corporation are fraudulently misappropriating the assets of the company will not alone of itself constitute ground for the appointment of a receiver. If they are solvent, they can be brought to an accounting, which will afford complete relief and is therefore an adequate remedy.—*Briarfield Iron Works v. Foster,* 54 Ala. 622; *Alabama Coal & Coke Company v. Shackelford,* 137 Ala. 224, 34 South. 833, 97 Am. St. Rep. 23; *Donald v. Export Company,* (Ala.) 38 South. 841. The facts in the case before us are much like the facts in the case of *Alabama Coal & Coke Co. v. Shackelford, supra,* and clearly distinguish the case at bar from that of *Morris v. Elyton Land Company,* 125 Ala. 263, 28 South. 513. Without more, on the facts here presented, we might safely rest the determination of this case on the principles stated in the case of *Coal & Coke Company v. Shackelford, supra,* and hold on the authority of that case that no sufficient reason or necessity exists for the appointment of a receiver in this case.

It is insisted by counsel for appellant in argument that the respondent Musgrove purchased the majority of the stock held and claimed by him in the respondent corporation with funds of the defendant company, that in so doing he violated his trust as president of the cor-

[Phillips, *et al*, v. Bradford.]

poration, and that this gives to the beneficiary corporation the option of holding him to an accounting for the misappropriation of the company's funds, or of ratifying the transaction and claiming the shares of stock in the defendant company so purchased. The insistence in argument by counsel is then made that the exercise by the beneficiary corporation of the option to claim the stock would put into the ownership of the corporation a majority of its own stock, which would, of necessity, under the law, destroy corporate existence. It is conceded by counsel for appellant that the corporation would not have the right to go into the market and purchase its outstanding capital stock. This being true it is hardly to be supposed that a court of equity, in such a case as the one before us, where a complete remedy is afforded by having an accounting from the delinquent trustee, would lend its aid at the instance of a minority stockholder to an act of felo dese by the corporation in the application of the equitable doctrine of the right of election of a beneficiary under ordinary conditions and circumstances. The argument is ingenious, but we think, unsupported by sound reasoning.

We concur in the conclusion, reached by the chancellor, that the facts in the case do not justify the appointment of a receiver; and his decree will be affirmed.

Affirmed.

HARALSON, SIMPSON, and DENSON, JJ., concur.