# Gunn v. Hardy *et al.*

| 107 | 609 |
| 144 | 537 |

*Bill in Equity to Enjoin Suit at Law.*

1. *Equitable separate estate of married woman converted by the statute* (*Code 2341–2351*) *into legal estate.*—Where the husband in 1886 conveyed lands directly to the wife an equitable separate estate was thereby vested in her, the legal title remaining in him without any active duties to perform and the effect of the statute of Feb. 28, 1887 (Code 1886 §§ 2341-2351 inclusive) was to abrogate such legal title and to invest the wife, as between her and the husband, with both the legal and equitable estate, but without affecting the intervening rights of creditors or others.

2. *Injunction will not lie when bill shows remedy in a court of law.*—Injunction will not issue, at the suit of an execution debtor and his wife, to restrain the further prosecution of an action of ejectment brought by the purchaser at the execution sale, on the ground that the husband had, prior to the married woman's law of 1887 and prior to incurring the indebtedness on which the execution was based, transferred the property, then held by him as a homestead, to his wife, and that her consequent rights therein could not be set up in the action at law.

APPEAL from the Chancery Court of Shelby.
Heard before the Hon. S. K. McSPADDEN.
The facts are sufficiently stated in the opinion.

BROWN & DYER for the appellant.—The bill was evidently filed on either the theory that the conveyance by the husband to the wife (conceding its validity as to creditors of the husband) under the operation of the married woman's laws existing anterior to the act of February 28, 1887, embraced in sections 2341 *et seq.* of the Code of 1886, conveyed to her an equitable title which was not changed by the new law: or, that the land being a homestead, a conveyance by the husband to the wife in the manner set out in the bill did not invest her

with the legal title. Neither theory can stand. If the original effect of the deed by the husband to the wife was to invest her with an equitable title or estate, there being no active trustee, the act of Feb. 28, 1887, code of 1886, p. 526, changed the title from an equitable to a legal one before respondent's decree was obtained.—*Rooney v. Mitchel*, 84 Ala. 585; *Ramage v. Towles*, 85 Ala. 588; *Maxwell v. Grace*, 85 Ala 577; *Marshall v. Marshall*, 86 Ala. 389; *M. & C. R. R. Co. v Bynum*, 92 Ala. 335; *Bruce v. Bruce*, 95 Ala. 563; *Rollins v. State*, 98 Ala. 79; *Conley et al. v. Mahoney*, 15 So. Rep. 903.

A conveyance by the husband to the wife in the usual form without her signature or separate acknowledgment invests her with the legal title to the homestead; and, therefore, it is of no avail to complainants that the property was a homestead.—*Turner v. Bernheimer*, 95 Ala. 241.

The specifications of fact as set out in the bill do not bear out the conclusions of the pleader. The title of the wife, if she had any, at the time respondent's lien and title were acquired, was legal and not equitable. The bill further alleging that a suit at law is pending to test the title as between the parties, the restraining of which is the full scope and object of the bill, it contains no equity.—*Normant v. Eureka Co.*, 98 Ala. 191.

The titles of both sides in this controversy being purely legal, and there being a suit at law pending to test the relative strength of each, the bill cannot be amended so as to give it equity. Furthermore, the conclusion of the pleader that the title of the wife acquired by the conveyance of the husband is equitable, is conclusively shown to be erroneous by the particular allegations of fact. These allegations of fact are not defective allegations which may be cured by amendment. In this respect all amendable defects may be considered as amended, and the bill is still without equity. Hence, it should be dismissed for want of equity.

KNOX, BOWIE & PELHAM, for the appellee.

The bill contains equity, and the chancellor was correct in overruling the demurrers to the bill, and the motion to dismiss for want of equity. The conveyance in this case was made prior to the adoption of the present

married woman's law of February 28th, 1887. (See Code 1886 § 2341, *et seq.*) The title therefore acquired by Mrs. Louisa A. Hardy under the deed of conveyance from her husband was an equitable and not a legal title. She therefore has a perfect title in equity, but none which she can defend at law. This is expressly decided in the case of *Turner v. Bernheimer*, (95 Ala. 241, 243.)

The decision of the chancellor in refusing to dissolve the injunction upon the answer of appellant, the respondent, was the proper exercise of a sound discretion. In *Harrison v. Yerby*, (87 Ala., 185), it is laid down by this court that on a motion to dissolve an injunction, even when the answer contains a full and complete denial of the allegations of the bill, the court is invested with a wide latitude of discretion, in the exercise of which it will consider and balance the probable resulting damages to the respective parties, and if it appears that serious mischief might result from a dissolution, or that greater injury may result thereby to the complainant than to the respondent from continuing the writ in force, a special injunction will be retained until a final hearing. In the case at bar, the answer not only failed to contain a full and complete denial of the allegations of the bill, but in fact admitted every material allegation of the bill except the one in reference to the value of the property, the subject matter of this case, alleged to have been a homestead.

By retaining the injunction, no injury resulted to the respondent since a trial of the chancery suit ought to be obtained as soon as a trial in a court of law, but, on the other hand, if the injunction had been dissolved, irreparable injury would have been done the complainants; for although they have a perfect title in equity, they have none upon which they can defend at law. Certainly, in view of these facts, the chancellor made a correct ruling in retaining the injunction until the final hearing. See *Merwin v. Smith*, 2 N. J. Eq., 182; *Young v. Grundy*, 6 Cranch, 51; 2 U. S. 317.

COLEMAN, J.—In December 1893, the appellant Gunn purchased at sheriff's sale the house and lot in controversy, sold under execution against J. D. Hardy. The purchaser received a deed from the sheriff duly executed, conveying to him the interest of the said J. D.

[Gunn v. Hardy *et al.*]

Hardy, and upon this title instituted the statutory action of ejectment against Hardy and Wild who were in possession, to recover the property. Pending the ejectment suit, Louisa Hardy, wife of J. D. Hardy and her husband filed the present bill in the chancery court and prayed that the ejectment suit be enjoined. The court granted a temporary injunction in accordance with the prayer of the bill. Several grounds of demurrer were interposed to the bill, and a motion to dissolve the injunction for want of equity in the bill, and upon the denials of the answer. The court overruled the demurrer, and refused to dissolve, and from this ruling the appellant prosecuted the present appeal. The equity of complainants' bill and their right to relief rest upon the propositions, that in 1886, prior to the rendition of the decree upon which the execution issued by virtue of which the property was sold, James D. Hardy, the execution debtor, being then the owner of the property, and in possession of it as his homestead and claiming it as such, conveyed the same to his wife, Louisa Hardy, by deed of conveyance, duly executed; that the property consisted of a house and lot in a town and did not exceed in value two thousand dollars, and that they have remained in possession of the property and claiming it as a homestead ever since. The legal conclusion deduced by complainants from these facts is, that the deed of conveyance from the husband to the wife, conveyed to her only an equity, and not the legal title, and having only an equity she could not defend on her title in a court of law. If we concede this contention to be true, we fail to see how the husband has any standing in a court of equity as a complainant. If the legal title remained in him, it was assertable in a court of law. But we are of opinion the contention is unsound. At the time of the execution of the deed by James D. Hardy to his wife, under repeated decisions, the effect was to invest in her only an equity, the legal title remaining in the husband. The wife owned an equitable separate estate, as distinguished from a statutory separate estate. She was entitled to the rents, incomes and profits, and could charge such an estate by her contracts. The husband reserved to himself no beneficial interest. His was only a dry legal title, without any active duties to perform. The effect of the statute of Feb. 28th, 1887,

[*Ex parte* Ansley.]

codified as sections 2341 to 2351 inclusive of the Code of 1886, was to abrogate the legal title of the husband and invest the wife with the equitable and legal estate, as between the husband and wife. The statute however could not operate so as to affect intervening rights of creditors or others. This is the effect of our decisions construing the sections of the Code referred to.—*Connolly v. Mahoney*, 102 Ala. 568; *Maxwell v. Grace*, 85 Ala. 577; *Ramaye v. Towles*, Ib. 588; *Rooney v. Michael*, 84 Ala. 585; *Bruce v. Bruce*, 95 Ala. 563; *Turner v. Bernheimer*, 95 Ala. 241; *Scarf v. Moore*, 102 Ala. 468.

If the homestead at the time of the conveyance to the wife was exempt from the decree and execution against the husband, its conveyance was not a fraud on the creditors.

It follows from what has been said, that complainant had a perfect remedy in a court of law. We will not render a final decree here, but will reverse and remand the cause, with directions that if complainants' bill is not amended within thirty days so as to give it equity, and show a right to enjoin the respondents action in ejectment, the injunction must be dissolved and the bill dismissed upon motion of the respondent made in accordance with the rules of practice.

Reversed and remanded.