# Warren & Co. v. Pitts *et al.*

*Bill in Equity for the Foreclosure of a Mortgage, and for the Appointment of a Receiver.*

1. *Appointment of a receiver within the discretion of the chancellor; when exercised.*—The appointment of a receiver is a matter of sound judicial discretion when there is a reasonable probability that the person asking therefor will ultimately succeed in obtaining the general relief sought for by his suit; and being based upon the fact that there is no other adequate remedy, or means of accomplishing the desired objects of the judicial proceedings, must to be exercised in view of the circumstances of the particular case, for the purpose of promoting the ends of justice and of protecting the rights of all the parties interested in the controversy and the subject matter.

2. *Same; right of mortgagee to appointment pending foreclosure suit.* The right of a mortgagee to the appointment of a receiver, pending a suit for the foreclosure of his mortgage, rests upon the general principle that the appointment is necessary for the preservation of the mortgaged property and its appropriation to the payment of the mortgage debt.

3. *Same; same; case at bar.*—Where property included in a mortgage, has been sold under an execution issued on a judgment against the mortgagor, and the purchaser, who was a stranger to the mortgage, and who is in possession of the property holding and claiming it in hostility to the mortgagee, is solvent, on a bill filed by the mortgagee to foreclose the mortgage, a receiver should not be appointed, upon the application of said mortgagee, to take possession of the property and collect the rents and profits pending the foreclosure suit; the solvency of the person in possession of the property removing all peril of the loss of the rents and profits, and leaving no occasion for the appointment of a receiver.

·APPEAL from the Chancery Court of Barbour.

Heard before the Hon. JERE N. WILLIAMS.

On May 12, 1891, E. C. Anglin and T. W. Anglin executed a mortgage on certain described lands to the American Freehold Land Mortgage Company, to secure a debt presently created, and this mortgage was duly recorded in the probate office of Barbour county on May 15, 1891.

On December 2, 1891, J. R. Warren & Company re-

covered a judgment in the circuit court of Barbour county against E. C. Anglin and T. W. Anglin, a certificate of which judgment was duly filed in the office of the judge of probate of Barbour county on December 11, 1891. On this judgment an execution was issued, and on February 6, 1893, the execution having been levied upon the lands embraced in the mortgage to the Mortgage Company, said lands were sold by the sheriff under said execution, and J. R. Warren & Co. became the purchaser, and went into the possession of the same. J. R. Warren & Co. paid the taxes for the years 1892 and 1893, and in July, 1893, they paid a portion of the debt secured by said mortgage to the Mortgage Company, and had the note evidencing the obligation duly transferred to them. On January 1, 1894, another portion of the mortgage debt becoming due, and E. C. Anglin and T. W. Anglin failing to pay the same, Warren & Co. paid the amount due on the note to the Mortgage Company, and had the note transferred to them. On December 10, 1891, E. C. Anglin, T. W. Anglin and J. D. Anglin executed to J. L. Pitts and J. J. Winn a mortgage on personal property and also on the lands which were embraced in the mortgage to the American Freehold Land Mortgage Company. This mortgage to Pitts and Winn was not made on a present consideration, but was made to hold said Pitts and Winn harmless, by reason of their having become, some time prior to the execution of said mortgage, sureties for the Anglins on certain claim and other bonds. This mortgage was duly recorded in the probate office of Barbour county on December 14, 1891.

On this state of facts, the bill in this case was filed by said Pitts and Winn, as junior mortgagees against the other persons named above.

The prayer of the bill was that J. R. Warren & Co. be enjoined from collecting the rents and income from said lands ; that a receiver be appointed to take possession and control of the lands, rent out and collect the rents and hold the same under the orders of this court, and that an account be stated, and that the lands be sold for the payment of the amounts found to be due the respective parties.

The bill admitted the priority of the mortgage of the Mortgage Company to the lands, and that J. R. Warren

[Warren & Co. v. Pitts *et al.*]

& Co. were in possession under their purchase at the sheriff's sale under execution, and as assignees of the notes paid by them to the Mortgage Company.

Upon the submission of the cause on the application for the appointment of a receiver, the chancellor rendered a decree holding that the application should be granted, and ordering the appointment of the receiver. From this decree the respondents appeal, and assign the rendition thereof as error.

G. L. COMER and S. H. DENT, Jr., for appellant. Under the facts of the case J. R. Warren & Co. acquired title to the land, which was superior to the title of Pitts and Winn, in the bill in this case.—Code of 1886, §§ 1810, 1811; *Robertson v. Durden*, 89 Ala. 500; *Steiner Bros. v. Clisby*, 95 Ala. 91.

2. When J. R. Warren & Co. paid the notes held by the American Freehold Land Mortgage Company and had said notes transferred, assigned and delivered to them, then said J. R. Warren & Co. were, *pro tanto*, assignees of said mortgage, and as such assignees had the legal right to the possession and rents and profits of said land. They then stood, as to J. L. Pitts and J. J. Winn, the second mortgagees, as first mortgagees in possession of the mortgaged premises, and being so, their said possession could not be disturbed under such a bill as was filed in this case by the second or junior mortgagees. *Cullum v. Erwin*, 4 Ala. 452; High on Receivers, (2d ed.), § 679; 2 Jones on Mortgages, §§ 1523, 1525; 3 Brick. Dig. 640, § 97.

3. J. R. Warren & Co., who were in possession of the land, were admitted to be entirely solvent and responsible, and no necessity was shown for the appointment of a receiver.—*Scott v. Ware*, 65 Ala. 175; *Irwin v. Everson*, 95 Ala. 64; *Randle v. Carter*, 62 Ala. 95; *Hughes v. Hatchett*, 55 Ala. 631.

A. H. MERRILL, *contra*.—1. It is undoubtedly the law that when the mortgagors are insolvent and the security afforded by the mortgage is inadequate a court of chancery should and will appoint a receiver to collect the rents. That is the only way by which a mortgagee can secure the rents and have them applied to his debt. *Hughes v. Hatchett*, 55 Ala. 631; *Phillips v. Taylor*, 96

Ala. 426 ; *Hendrix v. American F. L. Mortgage Co.*, 95 Ala. 313 ; *American F. L. Mortgage Co. v. Turner*, 95 Ala. 272.

2.  The above is the rule where there is but one mortgage. What is the rule where there is a junior mortgagee as in the case at bar?  If the senior mortgagee sees fit to do so, he can have the rents collected for his benefit to the exclusion of all others, and can have a receiver appointed for that purpose, but if he fails to take any action looking to this end, then the junior mortgagee has the right, and can, as in this case, come into the chancery court, have a receiver appointed to collect the rents, and such junior mortgagee is entitled to have the rents paid to him, until the senior mortgagee, either by a separate bill, or by petition or cross bill asks the court to apply the rents to his debt.  Pitts and Winn, the junior mortgagees, were entitled to all the rents from the time their bill was filed and receiver appointed, for the reason that the senior mortgagees had taken no action to condemn the rent to their debt, and Pitts and Winn's right was superior to that of J. R. Warren & Co., who were purchasers at sheriff sale, and occupied no better right than that of the mortgagors.  This question is settled beyond controversy by the following authorities which sustain the action of the court below in appointing the receiver :—High on Receivers, §§ 643, 644, 666, 682, 688 ; *Ranney v. Peyser*, 83 N. Y. 1 ; *Washington Life Insurance Co. v. Fleischauer*, 10 Hun. (N. Y.), 117 ; *Howell v. Ripley*, 10 Paige's Chancery, 43 ; *Davis v. Cook*, 65 Ala. 617 ; *Scott v. Ware*, 65 Ala. 174.

BRICKELL, C. J.—There are cases in which the appointment of a receiver, is almost a matter of course, although fraud, or imminent danger of injury, be not shown.  But the general principle on which courts of equity proceed is, that the appointment is matter of sound judicial discretion, to be exercised in view of all the circumstances of the particular case, ''for the purpose of promoting the ends of justice, and of protecting the rights of all the parties interested in the controversy and the subject matter, and based upon the fact that there is no other adequate remedy or means of accomplishing the desired objects of the judicial proceeding.  One of the most material circumstances, without which the court would

hardly make the appointment, is the reasonable probability that the plaintiff asking for a receiver will ultimately succeed in obtaining the general relief sought for by his suit.''—3 Pomeroy Eq. Jur., § 1331. The right of a mortgagee to the appointment of a receiver pending a suit for foreclosure, rests upon the general principle, that the appointment is necessary for the preservation of the property and its appropriation to pay the mortgage debt. The mortgage under which the complainants deduce title, authorized them upon the default of the mortgagor in saving them harmless from the liability they had incurred as sureties, and upon their payment of such liability, to take possession and make sale of the premises, applying the proceeds of sale to the reimbursement of the payment they had made ; there was no specific grant or pledge of the rents and profits, accruing before or after default. Yet, it is the general doctrine of courts of equity in this State, that if the mortgagor is in possession, and is insolvent, and the mortgaged premises are an inadequate security, though there be not a specific grant or pledge of the rents and profits, as between the mortgagor and the mortgagee, the court will intercept the rents and profits, by the appointment of a receiver to take and hold them, pending a suit for foreclosure.—*Scott v. Ware*, 65 Ala. 174. But if the mortgagor is not in possession ; if he has parted with it voluntarily, or has been deprived of it by legal process, and a stranger to it claiming adversely, has succeeded to the possession, unless he is insolvent, and, in consequence of his insolvency, there is imminent peril of the loss of the rents and profits, the possession will not be disturbed by the appointment of a receiver. When the mortgagor remains in possession, taking the rents and profits, unless he is insolvent, and because of the insolvency, there is peril of their loss, the possession will not be disturbed by the appointment ; nor will it be disturbed, though he may be insolvent, and the premises an inadequate security, if he is applying the rents and profits to the reduction of the mortgage debt.—*Cortleyeu v. Hathaway*, 11 N. J. Eq. 39 ; s. c. 64 Am. Dec. 478 ; *Myton v. Davenport*, 51 Iowa, 583 ; 2 Jones Mort., § 1516.

If the equity of the bill should be conceded, or that there is a reasonable probability, that the complainants will ultimately succeed in obtaining the general relief

prayed, a case is not made for the appointment of a receiver. The respondents, Warren & Co., who have succeeded to the possession, and are holding and claiming in hostility to the complainants, are, as it was admitted, solvent, and if liable, can be compelled to answer for the rents and profits. The solvency or insolvency of the party to be affected, is an important consideration with a court of equity, in all cases guiding, if it does not govern, its discretion in the appointment of receivers. High on Receivers, §§ 11, 18; *Thompson v. Tower Manufacturing Co.*, 87 Ala. 733; *Irwin v. Everson*, 95 Ala. 64. As Warren & Co. were solvent, removing all peril of the loss of the rents and profits, there was no occasion for the appointment of the receiver; the ends of justice, nor the rights of the parties in interest would have been subserved by it.

It is not necessary, and perhaps would be improper to consider other questions of which the case is suggestive. The decree appointing the receiver must be vacated and annulled, and the cause remanded.

Reversed and remanded.