# Butler v. Thweatt.

*Statutory Bill in Equity to Quiet Title.*

1. *Possession of lands as between husband and wife.*—The possession of lands by a married woman, holding under a deed investing her with the ownership and title thereto, will be referred to her title, and no act of purchase or renting by the husband from a third person, in which she did not participate, could oust her of such possession.

2. *Possession is notice.*—The possession of lands under a valid title, though unrecorded, is notice to all the world, and parties contracting with reference to the lands, are charged with notice of such title.

3. *Fraud and estoppel.*—Although the owner of lands may have knowledge of the execution of a mortgage thereon by another as his own, unless the evidence shows that the owner induced the loan of money upon the mortgage, either affirmatively or negatively, it is not sufficient to show fraud on her part, or to operate as an estoppel.

APPEAL from Pike Chancery Court.

Tried before Hon. JERE N. WILLIAMS.

The bill was filed under the provisions of the act approved December 10, 1892, and now codified as sections 809-812 of the Code of 1896. It was averred in the bill that the complainant had been in peaceable possession of the lands for over 25 years and was holding them adversely against all persons, claiming them as her own, and that the defendants set up a claim thereto, and that there was no suit pending to enforce or test the validity of said claim and to determine the title thereto. The defendants, Sarah C. Thweatt and Benjamin Graham, answered the bill, denying that the complainant owned the land or had original title thereto. It was shown by the evidence that in 1869 Hiram Thweatt, the father of the defendant and the husband of Sarah C. Thweatt, bought the tract of land involved in this controversy;

that the complainant moved upon the land in November, 1869, and in December, 1869, Hiram Thweatt executed to the complainant a deed to such lands; that she has been in possession of the lands conveyed in said deed ever since the execution of the deed, claiming the same as her own; that in 1871 or 1872 the said lands were sold for taxes, having been assessed to Hiram Thweatt; but that the complainant did not have anything to do with said assessment. That these lands were bought in by the state, and in 1875 or 1876 they were redeemed by Hiram Thweatt paying the lawful charges to the state. In 1876 the lands in controversy were assessed for taxes to J. P. Butler, the husband of the complainant, and that after this time they were assessed first to Hiram Thweatt and then to J. P. Butler; but that the complainant knew nothing as to such assessment. In the year 1887, Hiram Thweatt executed a mortgage upon the lands involved in this suit, and after its execution he informed the complainant thereof, and asked her to let him have the deed which he had executed conveying the lands to her. The complainant at first declined, but upon her father's statement that he did not intend to take the land from her, and upon his promise to return the deed to her, the complainant delivered it to Hiram Thweatt, for the purpose of relieving him from the embarrassment in which he placed himself by the execution of the mortgage. After the payment of this mortgage, Hiram Thweatt, in 1891, executed a mortgage to the American Land Mortgage Company, and another mortgage to the Loan Company of Alabama, conveying the lands involved in controversy. The complainant claimed to know nothing of either of the mortgages. After the execution of these mortgages to the loan companies, Hiram Thweatt executed to J. P. Butler, the husband of the complainant, a deed conveying to him the lands in controversy; but the complainant knew nothing of this matter, and she had no notice of the deed. The mortgages to the loan companies were foreclosed in 1895, and at said sale the defendant, Graham, became the purchaser. After the purchase of the lands at said sale and receiving a deed thereto, Graham entered into a contract for the sale of said lands to the defendant, Mrs. Sarah C. Thweatt, and this agreement was pending at the time of the filing of this bill.

[Butler v. Thweatt.]

J. P. Butler, the husband of the complainant, used and treated the crops on the lands as his own and rented the lands involved in controversy from Graham, after his purchase in 1895, giving a rent note therefor; and in 1896 J. P. Butler again rented the same lands from the purchaser at the mortgage sale. It was shown that the complainant had nothing to do with this renting. The testimony of the different witnesses showed that the deed from Hiram Thweatt to the complainant had been lost, and that after a diligent search by Mary J. Butler and her husband, both, in the places where she kept such papers and where they would likely find the deed, they were unable to find it, and after hunting over the papers of Hiram Thweatt, after his death, they were unable to find the deed. The witnesses testified to the contents of said deed, against the exception of the defendants. The other facts of the case are sufficiently stated in the opinion. On the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayed for, and ordered that the bill be dismissed. From this decree the complainants appeal, and assign the rendition thereof as error.

HUBBARD & HUBBARD, for appellant, cited, in support of the proposition that the acts and declarations of the husband could not bind the wife, or affect her possession, *Roper v. Roper*, 29 Ala. 247; *Allen v. Terry*, 73 Ala. 123; *Brunson v. Brooks*, 68 Ala. 248; *McLoed v. Bishop*, 110 Ala. 640; *Farmer v. Amer. Mort. Co.*, 22 So. 426; *Allen v. Hamilton*, 109 Ala. 634; *N.& C. R. R. Co. v. Hammond*, 104 Ala. 191. That the proof of the execution and contents of complainant's deed was sufficient.—*Graham v. Lockhart*, 8 Ala. 9; 5 Ala. 268; *Cox v. Davis*, 17 Ala. 714; *Foot v. Cobb*, 18 Ala. 585; *Elliott v. Dycke*, 78 Ala. 150; *Jones v. Hough*, 77 Ala. 437; *Potts v. Coleman*, 86 Ala. 94. That the wife's possession was notice to all the world.—*Anthe v. Heide*, 85 Ala. 236; *Prince v. Prince*, 67 Ala. 565; *Reynolds v. Kirk*, 105 Ala. 446; *Burt v. Cassety*, 12 Ala. 734. That the acts and declarations of husband and father were not evidence against her.—*Wright v. Meriwether*, 51 Ala. 183; *Steed v. Knowles*, 97 Ala. 573; *Jay v. Stein*, 49 Ala. 514; *Bawcum v. George*, 65 Ala. 269. That there was no estoppel.—*Vansandt v.*

*Weir,* 109 Ala. 104; *Canty v. Sandford,* 37 Ala. 91; *Terry v. Forbes,* 94 Ala. 141.

W. R. NELSON and R. L. HARMON, *contra.*—Conceding that complainant held an unrecorded deed, it is shown her entry into possession was under Hiram Thweatt—permissive only. There was no open, visible change of possession, such as was notice to innocent purchasers. The cultivation of the land by the husband, the use of and selling of the crops, the payment of taxes, the giving of mortgages by her father on sworn affidavit of ownership, her acquiescence therein, the purchase of her husband, and renting of the place, all show the exercise of posesssion and claim inconsistent with the unambigous possession under claim of title by the complainant. *Wells v. Amer. Mort. Co.,* 109 Ala. 446; *Le Neve v. Le-Neve,* 2 Lead. Eq. Cases, 180; Wade Law of Notice, 288-91; *Coleman v. Bank of Decatur,* 22 So. 84; *Green v. Jordan,* 83 Ala. 224; *Alexander v. Wheeler,* 69 Ala. 340; *Potts v. Coleman,* 67 Ala. 221; *King v. Paulk,* 85 Ala. 186; *Griffin v. Hall,* 22 So. 156; *McCarthy v. Nicrosi,* 72 Ala. 332; *Troy v. Walters,* 87 Ala. 233; *Motley v. Jones,* 98 Ala. 447; *Wedgworth v. Wedgworth,* 84 Ala. 274; *Tillis v. Smith,* 18 So. 154; 1 Am. & Eng. Encyc. of Law, (2d Ed.), 795; *Hurlbut v. Bradford,* 109 Ill. 397; *Bynum v. Gold,* 106 Ala. 434. Complainant is estopped.—*Mallory v. Stodder,* 6 Ala. 801; 2 Pom. Eq. Jur. 803 and 814, note 4; *McDaniel v. Landrum,* 12 Am. St. Rep. 500; *Drake v. Glover,* 30 Ala. 390; *Jones v. Reese,* 65 Ala. 138; *Allen v. McCulloch,* 99 Ala. 615; 7 Am. & Eng. Encyc. of Law, pp. 18, and note, and 24, and note 1; *Dukes v. Spangler,* 35 Ohio St. 119; *Allen v. Maury,* 66 Ala. 19; *Young v. Lehman,* 63 Ala. 519; *Noble v. Moses,* 74 Ala. 604; *Xanders v. Commonwealth,* 102 Penn. 435; *Ins. Co. v. Ward,* 90 Ill. 545; 115 Mass. 343.

COLEMAN, J.—The complainant, Mary J. Butler, filed the present bill under the provisions of the act of Dec. 10, 1892, now codified in sections 809-812, inclusive, of the Code of 1896. The averments of the bill are sufficient to give it equity. Hiram Thweatt, father of complainant, purchased the land in controversy in the year 1869. His title is not questioned. Complainant and her husband went into possession by permission of Hiram

[Butler v. Thweatt.]

Thweatt in November, 1869. Complainant claims title by virtue of an unrecorded deed of gift which she contends was executed by her father to her in December, 1869, while she was in the possession of the land, and also by adverse possession. The respondents deduce title directly from Hiram Thweatt, by virtue of a mortgage executed by him in the year 1891, foreclosure, purchase, and deed. This chain is regular, and their title is perfect as to all the right, title and interest held and owned by the mortgagor at the time of the execution of the mortgage. Respondents deny that complainant was in the peaceable possession of the land at the time of the filing of the bill, and also deny that she has ever held the land adversely, and deny the execution of any deed to her by her father, Hiram Thweatt. Respondents further contend, that if Hiram Thweatt ever executed a deed to complainant, it would be a fraud on respondents to allow her to assert such a claim, under the facts of the case.

The facts show that for the year 1895, the year preceding the filing of the bill, the husband of complainant rented the lands from the purchaser at foreclosure sale, cultivated the same under his lease, and paid the rent; and that he rented the same again in 1896, the year in which the bill was filed, for an agreed price. Uninfluenced by any deed from Hiram Thweatt to complainant, we are of opinion, that the evidence would lead to the conclusion, that she was not in peaceable possession within the meaning of the statute, at the time of the filing of the bill, and that she never acquired a title by adverse possession. There is no controversy of the fact that complainant has been living on the land continuously since she moved on it in the year 1869.

The question of first importance is, does the evidence reasonably show, that her father, Hiram Thweatt, executed to her a deed of conveyance, anterior to the execution of the mortgage? A great deal of incompetent testimony was introduced on this question, some of which is open to severe criticism, but after eliminating all such testimony, and a careful consideration of that only which is legal, we have reached the conclusion that Hiram Thweatt executed the deed of gift to his daughter, the complainant, to the lands in controversy. There is nothing unreasonable in the statement, that upon ascer-

taining that her father had represented these lands as belonging to himself in order to procure a loan, and to secure it, had put these lands in a mortgage, upon his solicitation, and promise to return the deed to her after the debt had been paid, that she delivered the deed to him; nor is it at all improbable that both she and her husband believed by the surrender of the deed, that she had lost the land. Assuming then, that the deed was delivered to her, investing her with the ownership and title to the land, her uninterrupted and continuous possession from that time to the filing of the bill would be referred to her title, and no act of purchase or renting by her husband, in which she did not participate, could oust her of such possession. Her possession under a valid title, though unrecorded, was notice to all the world, and parties who contracted with reference to these lands, are chargeable with notice of title. This principle is well settled in this state.

A sufficient predicate was laid to authorize the introduction of secondary evidence of the execution and contents of the deed. It may be that complainant knew of the execution of the mortgage through which respondents claim, but the evidence is not sufficient to convince us, that she induced the loan of money, either affirmatively or negatively.

The facts and circumstances are not sufficient to show fraud on her part, or to operate as an estoppel. Our conclusion is that complainant is entitled to relief.

A decree will be here rendered, annulling the decree of the chancery court and granting the relief prayed.

Reversed and rendered.