ₗMeyer v. Thomas, *et al.*]

# Meyer *v.* Thomas *et al.*

*Bill in Equity for the Foreclosure of a Mortgage and the Appointment of a Receiver.*

1. *Appointment of receiver; appeal will lie to Supreme Court from decree of the chancellor revoking an order by the register appointing receiver.*—An appeal will lie to the Supreme Court from a decree rendered by the chancellor on appeal to him, revoking and annulling the order of the register appointing a receiver without notice.

2. *Same; right of mortgagee to appointment pending foreclosure suit.*—The right of a mortgagee to the appointment of a receiver pending a suit for the foreclosure under his mortgage rests upon the general principle that the appointment is necessary for the preservation of the mortgaged property and its appropriation to the payment of the mortgage debt.

3. *Same; when exercised.*—The appointment of a receiver is a matter of sound judicial discretion when there is a reasonable probability that the person asking therefor will ultimately succeed in obtaining the general relief sought for by his suit; and being based upon the fact that there is no other adequate remedy ,or means of accomplishing the desired objects of the judicial proceedings, must be exercised in view of the circumstances of the particular case, for the purpose of promoting the ends of justice and of protecting

the rights of all the parties interested in the controversy and the subject matter.

4. *Same; same; case at bar.*—Where a bill is filed by one who holds a mortgage executed by a tenant upon personal property and crops grown upon the rented premises, against a tenant and his landlord, and it is averred therein that the claim of the landlord for advances is subordinate to the lien of the mortgage, but by reason of a collusion between the tenant and the landlord the crop is about to be disposed of by the tenant to the landlord in payment of an alleged claim for advances, which is simulated, but there is no averment showing that the landlord is insolvent or can not answer in damages for any wrong done to the complainant, it is error for a receiver to be appointed without notice to the defendant.

5. *Appointment of receiver; Supreme Court will not modify a decree of chancellor annulling erroneous appointment of receiver.*—Where upon the filing of a bill asking for the foreclosure of a mortgage and the appointment of a receiver, the register erroneously appoints a receiver as prayed for without notice, and on appeal to the chancellor such order of the register is annulled and vacated and the receiver is directed to restore the possession of the property to the defendants from whom he received it, on an appeal to the Supreme Court from the decree of the chancellor vacating and annulling the order of the register making the appointment, this court will not modify the decree of the chancellor directing the receiver to restore the property of the defendant, so as to order the receiver to sell and apply the proceeds first to the payment of the defendant, and the balance, if any, to the complainant in the bill.

APPEAL from the Chancery Court of Marengo.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed by the appellant, Ferdinand Meyer, against Alex Thomas, Narcissa S. Knight and Sydney H. Knight, her husband. It was shown by the bill that the complainant had made advances to Alex Thomas and to secure the same had taken a mortgage upon a wagon, two mules and the crops to be grown by said Thomas on lands which he had rented from Narcissa Knight during the year 1900. It was further shown that Alex Thomas was the tenant of Narcissa Knight, who owned the land upon which the crops mortgaged to the complainant were to be grown,

and owned other farm lands; that Sydney H. Knight was the husband of Narcissa Knight. The averments of the bill sufficient to an understanding of the decision on the present appeal are sufficiently stated in the opinion. In addition to the averments as set forth in the opinion, it was further averred that by reason of an alleged conspiracy between Thomas and Narcissa and Sydney Knight notice to the respondents "would be simply a warning to them to put said crops out of the way and would render useless the receivership hereinafter asked for."

The prayer of the bill was that the mortgage from Thomas to the complainant be foreclosed and that a receiver be appointed to take charge of said lands and the crops growing thereon, and gather the same and prepare the same for market and sell them, and hold the proceeds subject to the further orders of the court.

Upon the filing of this bill, which was verified by affidavit of the complainant and accompanied by the affidavit of one Kelly, the register appointed a receiver without notice to the respondents. From the appointment of this receiver by the register the defendants appealed to the chancery court. On the hearing of the appeal by the chancellor, several affidavits were introduced by the defendant and by the complainant, and the chancellor rendered a decree sustaining the bill and adjudging that the appointment of the receiver was improperly made and ordered that the order of the register making such appointment be revoked, vacated, set aside and annulled, and further ordered that the receiver so appointed restore all the property received by him to the defendant, from whom he received it. From this decree the complainant appeals, and assigns the rendition thereof as error.

GUNTER & GUNTER, for appellant.—The appeal should not be dismissed. If, after the chancellor appoints a receiver, he subsequently vacates his appointment, no appeal is proved by statute, but the statute expressly authorized an appeal in cases like the present. See *Werborn v. Kahn,* 93 Ala. 201; *Miller v. Lehman,* 87 Ala. 517.

8

The decree of the chancellor appealed from was erroneous. The averments of the bill were sufficient to authorize the appointment of a receiver without notice. *Heard v. Murray*, 93 Ala. 131; *Ashurst v. Lehman*, 86 Ala. 370; *Weiss v. Weil*, 72 Ala. 259.

THOMAS E. KNIGHT, *contra*.—While an appeal, like the present, has been entertained before by this court, yet I submit that this court has no jurisdiction of the present appeal. It is not an appeal from the order of the chancellor appointing or refusing to appoint a receiver. It is essentially an appeal from the order of the chancellor annulling and vacating an appointment already made by the register. It is not provided for by section 429 of the Code.—Beach on Receivers, § 781.

TYSON, J.—This appeal is prosecuted from an order of the chancellor vacating the appointment of a receiver by the register. The point is made that it cannot be entertained, and should, therefore, be dismissed.

The statute confers authority both upon chancellors and registers to appoint receivers; and where the appointment is made by a register, an appeal from his order lies to the chancellor.—Code, §§ 799, 800.

Section 429 of the Code, under which this appeal was taken, is in the following language: "An appeal lies from an order of the chancellor, made in term time or vacation, appointing or refusing to appoint a receiver, within thirty days from the filing of the order with the register; and such appeal must be taken and deemed by the Supreme Court as a preferred case," etc., etc.

In the cases of *Heard v. Murray*, 93 Aa. 127; *Werborn v. Kahn*, Ib. 201; and *Taylor v. Dwyer*, 129 Ala. 325, appeals were entertained by this court from the order of the chancellor refusing to disturb the appointment made by the register. The chancellor, on appeal to him, in revising the exercise of authority by the register, where the appointment is made without notice, as here, is not confined to the case as made by the application to the register, but the hearing is *de novo*. His order, if he sustains the appointment, is nothing more

than a continuance of the receivership and the equivalent of an appointment by him of the receiver in the first instance. So, his order vacating the appointment is the refusal by him to make the appointment as upon application made to him for that purpose. The opinion in the case of *Miller v. Lehman*, 87 Ala. 517, when properly construed is not authority against these views.

The bill seeks a foreclosure of a mortgage held by complainant upon certain personal property, including the crops raised by the mortgagor as a tenant upon the lands of the respondent, Mrs. Knight. The relief sought by it against Mrs. Knight is to prevent her as landlord from receiving of the tenant the crops, or any portion thereof, in payment of an account claimed by her as due for advances. It is averred that she had entered into a conspiracy with her tenant to get the crops under a simulated and fraudulent claim, and to the end of preventing her from taking possession of them under a landlord's lien for the purpose of enforcing her alleged claim, a receiver is asked to be appointed to take possession of the crops and the lands upon which they were grown. Her insolvency is not averred. On the contrary, her ability to respond for all damages which could possibly result to the complainant in the appropriation by her of the crops of the mortgagor is fully shown by the proof offered before the chancellor upon the hearing to vacate the order of the register appointing the receiver. There is no pretense that the mortgagor was attempting to dispose of the crops for any other purpose than to pay his landlord her claim for advances. If, upon final hearing, it should be ascertained that Mrs. Knight's lien was subordinate to that of the complainants, or that her claim was simulated and fraudulent, there can be no question but that the complainants can have a decree against her to the extent of the value of the crops misappropriated by her and the tenant. Clearly as against her, the complainants were not entitled to the receiver. Nor were they so entitled as against the mortgagor under the averments of the bill. It is true, his insolvency is averred and it is not disputed. But there is nothing to show that he was attempting to evade the payment of his

debt by disposing of the property conveyed by the mortgage other than the crops, and these, he was attempting to deliver to his landlord who was asserting a lien against them for advances, and who, we have shown, is entirely responsible financially for their value. It cannot be doubted that to deprive Mrs. Knight of the exercise of her right as landlord to enforce her alleged lien upon her tenant's crops by the appointment of the receiver to take control of them, is to deprive her of a property right valuable to her. The tenant nor any one else has the right, without her consent, to remove the crops from the rented premises, and if her account is fraudulent, or she by contract, subordinated her lien to the rights of the complainant, she would render herself liable to them by enforcing her claim against the crops or by receiving the proceeds arising from the sale of any portion of them. Her attitude in this respect, so far as the complainant's rights are involved, would be that of a solvent stranger who had received property or the proceeds of property, with notice of the mortgage lien upon it.

The right of the compainant as mortgagee to the appointment of a receiver pending a suit for foreclosure, rests upon the general principle, that the appointment is necessary for the preservation of the property and its appropriation to pay their mortgage debt. But the appointment should be exercised in view of all the circumstances of the particular case "for the purpose of promoting the ends of justice, and of protecting the rights of all the parties interested in the controversy and the subject mater, and based upon the fact that there is no other adequate remedy or means of accomplishing the desired objects of the judicial proceeding." *Warren v. Pitts,* 114 Ala. 65.

In view of the solvency of Mrs. Knight, it cannot be affirmed, under the averments of the bill, that a necessity existed for the appointment of a receiver. *Moritz v. Miller,* 87 Ala. 331; *Gilbreath v. Union Bank & Trust Co.,* 121 Ala. 204; *Pollard v. Southern Fertilizer Co.,* 122 Ala. 409.

We cannot yield to the request of complainants' counsel, made in brief, to modify the decree of the chan-

cellor directing the receiver to restore the possession of the property to the defendants from whom he received it, so as to order the receiver to sell it and apply the proceeds, first, to the payment of Mrs. Knight's account, and the balance, if any, to be paid over to the complainants. The effect of such an order would be a stultification of ourselves. It would place us in the position of administering the assets by and through a receiver, notwithstanding he should not have been appointed in the first instance. Such a modification would give the complainants, at least to some extent, the benefit of the receiver's possession, which was wrongful from its incipiency—a possession acquired at their instigation to the deprivation of the rights of the respondents. Besides, it involves an adjudication of the liability of the mortgagor to both complainants and Mrs. Knight, without first giving him a hearing.

Affirmed.