[Milam v. Coley, as Admr.]

# Milam *v.* Coley, as Admr.

*Statutory Action in the Nature of Ejectment.*

[DECIDED NOV. 22, 1905, 39 So. REP. 511.]

1. *Ejectment; Equitable Estoppel not Applicable.*—In an action of ejectment the rights of the parties are to be determined by the legal title. and the doctrine of equitable estoppel has no application.
2. *Husband and Wife; Conveyance Between; Wife's Title.*—Since the passage of act approved Feb. 20, 1887 (Acts 1886-7, p .80; Code 1896, § 2520), a voluntary conveyance executed by a husband to his wife, even prior to the passage of the act, constitutes the land conveyed her separate property, and vests the legal title in the wife, as between her and her husband.
3. *Judgment; Parties Affected.*—A decree in a suit to foreclose a mortgage brought against a purchaser and a third person, which decree subjected the land to sale, did not affect the rights of the wife of the third person, in whom the legal title vested under a deed from her husband, although she did not record her deed until after the decree of foreclosure, the possession being referred to the legal title, and thus being in the wife.

APPEAL from Tallapoosa Circuit Court.
Heard before Hon. A. H. ALSTON.
The facts sufficiently appear from the opinion.

D. H. RIDDLE and WILLIAM L. MARTIN, for appellant. Under the deed from Milam to his wife, the legal title passed to the wife, and that the distinction heretofore prevailing between equitable and statutory estates has been abrogated and all such estates are statutory.—*Rooney v. Michael,* 84 Ala. 585; *Ramage v. Towles,* 85 Ala. 588; *Manning v. Pippen,* 86 Ala. 357; *Turner v. Bernheimer,* 95 Ala. 241; *Bruce v. Bruce,* 95 Ala. 563; *Scharf v. Moore,* 102 Ala. 468; *Connolly v. Mahoney,* 103 Ala. 568; *Gunn v. Hardy,* 107 Ala. 609; Code 1896, § 2520.

It did not matter that the deed to the wife was not recorded until after the rendition of the decree of foreclosure, the possession being referred to the legal title, and when so referred was in the wife.—*Hawkins v. Ross,* 100 Ala. 459; *Allen v. Hamilton,* 109 Ala. 634; *Butler v. Thweatt,* 119 Ala. 325; and that this being an action of ejectment only the legal title was involved and the equities of the parties could not be asserted. Citing,—*Nichols v. Haskins,* 15 Ala. 619; *Mitchell v. Robinson,* 15 Ala. 412; *McPherson v. Walters,* 16 Ala. 711; *Yew v. Flynn,* 34 Ala. 409; *Lomb v. P. S. & L. Co.,* 106 Ala. 591.

WM. LACKEY and GEORGE A. SORRELL, for appellee. Burks had such title or interest in the land as to make a valid mortgage on it.—Jones on Mortgages, Vol. 1, § 136, p. 107; *Washington v. Bogart,* 119 Ala. 237; *Swann v. Gaston,* 87 Ala. 569; *Negligh v. Michinor,* 11 N. J. Eq. 539; *Sinclair v. Armitage,* 12 N. J. 174. The mortgage was an equitable mortgage which the court of chancery had power to foreclose and order a sale and conveyance of the land.—2 Jones on Mortgages, pp. 438-9; *Newlin v. McAfee,* 64 Ala. 357.

The decree of the chancery court was, as to the title of this land, *res adjudicata.*—*Cannon v. Breame,* 45 Ala. 152; *Allgood v. Whitly,* 49 Ala. 215; *Cook v. Phram,* 63 Ala. 456; *Tankersly v. Pettus,* 71 Ala. 186; *Glasser v. Marowitz,* 119 Ala. 152.

DOWDELL, J.—In an action like the present where the rights of parties to the possession of the land are to be determined on the question of the legal title, the doctrine of equitable estoppel has no application.

It appears from the record, that in 1877 Nolen sold the land in question to Burks, giving him bond for title and placing him in possession. Burks while in possession under Nolen's bond for title mortgaged the land to A. J. Coley, Sr., plaintiff's intestate, to secure the payment of $250.00, due December 25th, 1878. Burks having failed to pay any part of the purchase money to Nolen, the latter with Burk's consent, sold the land to D. M. Milam, (the husband of the appellant) and placed him in possession. The said Milam having paid all the

[Milam v. Coley, as Admr.]

purchase money to Nolen, the latter executed to him a deed of conveyance therefor, dated October 15th, 1881. On the 12th day of April, 1886, D. M. Milam being then in the possession of the land under his deed from said Nolen, conveyed the land to his wife, the appellant here, for love and affection. In 1894, the appellee here, as administrator of A. J. Coley, deceased, (Burks' mortgagee) filed his bill in equity for a foreclosure of the Burks mortgage, making Burks and D. M. Milam parties defendant, and thereafter obtained a decree subjecting the land to sale by the register. The appellant here, Mrs. Milam, in whom the legal title to the land resided at the time of the filing of the bill was not made a party to the bill. At the register's sale, A. J. Coley, the appellee, as administrator of A. J. Coley, Sr., deceased, became the purchaser and received the register's deed, dated December 13, 1897. On the 6th day of January, 1903, the appellee brought the present action against the appellant, Mrs. Milam, for the recovery of the land. The defendant pleaded not guilty.

While the deed from D. M. Milam to his wife, of April 12th, 1886, under the woman's law as it then existed in this State, operated to convey to her an equitable title only, the legal title remaining in the husband, still under the operation and influence of the Act of February 28th, 1887, (Code 1896, § 2520), the legal title became vested in the wife, as between the husband and the wife.—*Gunn v. Hardy,* 107 Ala. 609, 18 So. Rep. 284; *Connally v. Mahoney,* 103 Ala. 568, 15 So. Rep. 903; *Maxwell v. Grace,* 85 Ala. 577, 5 So. Rep. 319; *Ramage v. Towles,* 85 Ala. 588, 5 So. Rep. 342; *Rooney v. Michael,* 84 Ala. 585; 4 So. Rep. 421; *Bruce v. Bruce,* 95 Ala. 563, 11 So. Rep. 197; *Turner v. Bernheimer,* 95 Ala. 241, 10 So. Rep. 750; *Scharf v. Moore,* 102 Ala. 468, 14 So. Rep. 879.

By the decree of the chancery court the appellee was invested with whatever title or interest Burks or D. M. Milam may have had in the land, but as Mrs. Milam was not a party to the chancery suit, the decree could in no sense affect her rights. At the time of the filing of the bill in chancery, the legal title of the land resided in her under the deed from her husband and by operation of the Act of February 28th, 1887, and it has never been

divested.—*Nunnelly v. Barnes,* 139 Ala. 657, 36 So. Rep. 763; *Owen v. Bankhead,* 76 Ala. 143.

Nor is it of any consequence that the deed from D. M. Milam to his wife, appellant here, was not recorded until after the rendition of the chancery decree. The possession will be referred to the title, and when so referred, the possession was in the appellant.—*Hawkins v. Ross* 100 Ala. 459, 14 So. Rep. 278; *Allen v. Hamilton,* 109 Ala. 634. 19 So. Rep. 903; *Butler v. Thweatt,* 119 Ala. 325, 24 So. Rep. 545.

The question of the invalidity of an unrecorded deed as to subsequent purchasers and judgment creditors without notice, is not involved in the case at bar. So far as the plaintiff Coley is concerned, he was neither a purchaser from nor a judgment creditor of the appellant's grantor, D. M. Milam.

The court below erred in giving the general affirmative charge for the plaintiff, and in refusing a like charge to the defendant. The judgment must, therefore be reversed and the cause remanded.

Reversed and remanded.

HARALSON, ANDERSON and DENSON, JJ., concurring.