(132 So. 615)

## LOST CREEK COAL & MINERAL LAND CO. v. SCHEUER et al.

### 3 Div. 940.

Supreme Court of Alabama.
Jan. 22, 1931.

Rehearing Denied March 12, 1931.

O. H. Roquemore and Wm. E. Thetford, Jr., both of Montgomery, for appellant.

S. H. Dent, of Montgomery, for appellees.

GARDNER, J.

The appeal is from an order appointing a temporary receiver. Complainants are minority stockholders of defendant corporation, owning a fraction over twenty shares of the five hundred shares of capital stock outstanding. The decree of the chancellor is rested upon the bill, answer, and affidavits submitted by the parties. From these it appears the corporation was organized in 1887 to buy and sell mineral lands for profit and lease the same, and that some profits have been thus realized in the past. From a sale many years ago there arose a breach of warranty suit resulting in a judgment against the corporation in May, 1925, in the sum of $1700. While there was a sale of the corporate property under execution in October, 1928, yet the bill indicates the invalidity of this sale for that it was had more than ninety days after the return day of the execution (section 7814, Code, 1923; Hawes v. Rucker, 94 Ala. 166, 10 So. 85), and discloses another sale under like process on September 14, 1929. Time for redemption from this sale by the corporation expires therefor September 14, 1931.

The original bill, filed in April, 1930, contained some general averments looking to an accounting by the secretary and treasurer of the corporation, and the petition for receiver, filed September 5, 1930, contained additional allegations to show a lack of complete bookkeeping and charge that as to the account of the lessee Cedron Coal Company, there was a discrepancy of $925.83. These averments were denied in the answer and in affidavit of said secretary and treasurer with explana-

tions, details of which are not necessary here to relate; this for the reason that under the authority of Alabama Coal & Coke Co. v. Shackelford, 137 Ala. 224, 34 So. 833, 97 Am. St. Rep. 23, the order appointing the receiver could not be rested upon the averments seeking an accounting by the secretary and treasurer. The order must therefore stand or fall upon that feature of the bill charging mismanagement and neglect in the directors and officers of the corporation in failing or refusing to redeem the corporate property from the execution sale of September 14, 1929.

■ It is universally recognized that the power of appointment of a receiver is a delicate one, to be exercised with great caution and to be resorted to only in extreme cases, where it appears complainants will sustain irreparable loss. McDermott ~v. Halliburton, 219 Ala. 659, 123 So. 207; Hayes v. Jasper Land Co., 147 Ala. 340, 41 So. 909, 910; Sullivan v. Central Land Co., 173 Ala. 426, 55 So. 612, 614; Dixie Lumber Co. v. Hellams, 202 Ala. 488, 80 So. 872; Henry v. Ide, 208 Ala. 33, 93 So. 860; Henry v. Ide, 209 Ala. 367, 96 So. 698; Howze v. Harrison, 165 Ala. 150, 51 So. 614.

■ Where, as here, the receivership is rested upon a preservation of the estate, there must be made to appear "imminent danger to the property, the subject of the suit." Hayes v. Jasper Land Co., supra.

The bill avers that the mineral rights of the corporation, sold under execution, were worth in excess of the sum due for redemption, and that complainants' offers to advance the necessary funds to that end were refused. The answer and the affidavit of the president of the corporation detail what occurred as to such offers, and, as so detailed, are not denied by any counter affidavits. We think the president's affidavit, therefore, is to be properly accepted as correctly stating the situation.

It appears therefrom that complainants themselves made no offer, but an offer was made at one time by M. Scheuer, husband of one of the complainants, and at another time by Harry Scheuer, husband of the other complainant. M. Scheuer's offer was first only upon condition that a stockholders' meeting be called to approve the same, which was done, but on the day preceding that set for the meeting said Scheuer advised the president that some of the stockholders had employed counsel for appointment of a receiver and the loan would only be made upon condition that counsel fees be paid, and that the secretary and treasurer tender his resignation. The offer of Harry Scheuer was for a loan of one year only; the mortgage debt maturing six months earlier than the expiration period for redemption. But this offer was also conditioned upon the resignation of the secretary and treasurer. The affidavit of the president

402

shows activity as to securing the necessary funds for redemption and efforts on the part of the management to that end, and an entire willingness to accept the offers made had they been plain unconditional business offers of loans.

Some of the corporate property is under lease to the Cedron Coal Company with a provision for a minimum annual royalty of $2,000. The proof shows that, on account of the very depressed conditions of the coal business, the lessee has been unable to meet the payments, and that it is on this account that the corporation is now embarrassed. Payments have been made during the present year, and past-due accounts are expected to be closed by notes that may be used as additional collateral for a loan. A broker is now employed seeking to negotiate the loan.

The president's affidavit detailing efforts made and explanations of complainants' offer of a loan completely refutes the averments of the bill charging mismanagement and neglect in this regard, and, as previously noted, said detailed account is not met with specific denial of any counter proof.

Upon the delicate question of the appointment of a receiver, it is to be considered that this corporation is a going concern, and, so far as here appears, entirely solvent, and that at the time of the receiver's appointment the corporation had a year, lacking only a few days, within which to redeem its property. As to whether or not the efforts of the officers to raise the necessary funds by collection of royalties or by loan will succeed may be conceded a matter of doubt, but that will not suffice for the appointment of a receiver.

The danger to the property must be imminent (Hayes v. Jasper Land Co., supra), and "when the question is one of mere discretion in the management of corporate business, or of doubtful event in the undertaking in which the corporation has embarked, remedy cannot be had by application to a court of equity." Sullivan v. Central Land Co., supra.

All of the directors, with the exception of M. Scheuer, join in the answer of the corporation denying the averments of the bill. The conditions attached to the offer of a loan that the secretary and treasurer resign indicates more of an interest in the removal of that officer than in the real preservation of the property. The bill seeks a dissolution of the corporation and distribution of its assets, as was the case in Dixie Lumber Co. v. Hellams, supra, and as to this feature the following quotation from Phinizy v. Anniston City Land Co., 195 Ala. 656, 71 So. 469, 471, found therein, is here applicable: "It needs no argument to show that this power of intervention however wholesome and necessary its exercise may sometimes be, is extremely

dangerous in its tendencies, and should be exercised only in the plainest cases. It is not enough that the past prosecution of the corporate enterprise or business has been a financial failure, nor is it enough that its future prosecution will probably be devoid of profit, however strong the probability may seem. On the contrary, so long as the corporation is a going concern; so long as it possesses the means and ability to pursue one or more of its primary purposes or lines of business; and so long as the conditions exhibited do not demonstrate to a moral certainty that its continuation must by inevitable necessity result in serious loss in the near future, and in complete ruin sooner or later—a court of equity will not and should not deprive the majority stockholders of their right to carry on their business under their chosen management, however speculative and uncertain its prospects may seem to a disapproving and dissentient minority."

We have carefully considered the authorities relied upon by counsel for appellees (Bridgeport Co. v. Tritsch, 110 Ala. 274, 20 So. 16; Morris v. Elyton Land Co., 125 Ala. 263, 28 So. 513; Birmingham, etc., Co. v. Mutual Co., 96 Ala. 364, 11 So. 368); but the facts upon which they rest are so at variance with those set forth in the instant case as to present no analogy. They in no wise militate against the conclusion here reached. The entire record in this case has been carefully read and considered by the court in consultation, and the opinion reached that a case for the appointment of a receiver was not sufficiently established and that the chancellor erred in so ordering.

The decree will be reversed, and one here entered denying and dismissing the application for the appointment of a receiver.

Reversed and rendered.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.