## RAMAGE v. McDOWELL.
### 4 Div. 717.

Supreme Court of Alabama.
Dec. 21, 1933.

Rehearing Denied Jan. 18, 1934.

A. G. Seay, of Troy, for appellant.

Walters & Walters, of Troy, for appellee.

BROWN, Justice.

This bill is filed by the purchaser at an administrator's sale made for the payment of the debts of the estate, against an heir at law of the decedent for the appointment of a receiver to take charge of and rent out a tract of agricultural lands, consisting of thirty-one acres, collect and preserve the rents, pending

an action of ejectment brought by the complainant against the defendant to recover the possession of the lands.

The bill alleges "that under the practice of the court in which said (ejectment) suit is filed the same will not stand for trial before the Fall term thereof which convenes in October or November, 1933, and may not be called for trial before the Fall term of 1934; that the reasonable rental value of the said land is Fifty and no/100 ($50.00) Dollars per annum; that the respondent did not cultivate or rent out the same during the year 1931 or 1932, and has made no preparation whatever to cultivate the same during the year 1933; that he did not assess the said land or any interest therein for taxes for the year 1932 or 1933 and has not paid any taxes on same or any interest therein for either of said years; that he returned no property for taxes for either of said years; that he is wholly insolvent and unable to respond to any judgment for damages for the use or occupation of the same; that the larger part of said land is cleared for cultivation and substantially all of it is suitable for cultivation and can be profitably cultivated the present year; that the complainant is entitled to mesne profits and of rents accruing, or which by reasonable diligence could accrue from the use of same," etc.

These averments show that the defendant has not put the property to any use; that he has not rented the premises to another who is cultivating the same, and fall short of showing any necessity for the appointment of a receiver, or that any good would accrue to either of the parties from such appointment.

"The general rule is well established that the power to appoint a receiver and sequestrate property will be exercised with great caution, and a resort to this remedy can only be had in extreme cases, and where it appears that without it the plaintiff will sustain irreparable loss. * * * Another principle of law, which seems to be as well settled, is that, to justify the appointment of a receiver in limine before the decree upon the merits of the bill, two grounds must appear: First, a reasonable probability that the complainant will succeed ultimately in obtaining the general relief sought; second, imminent danger to the property, the subject of the suit. * * * Again, a receiver should not be appointed at any stage of the proceedings if any other remedy will afford adequate protection to the party applying." Hayes v. Jasper Land Co. et al., 147 Ala. 340, 344, 345, 41 So. 909, 910; Lost Creek Coal & Mineral Land Co. v. Scheuer et al., 222 Ala. 400, 132 So. 615; Bard v. Bingham, 54 Ala. 463.

When the stated principles are applied to the case as presented by the averments of the bill, we are not of opinion that the circuit court erred in denying the application.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.