189 So. 887
### PREUIT v. WALLACE et al.
8 Div. 974.

Supreme Court of Alabama.
June 15, 1939.

W. L. Chenault, of Russellville, for appellant.

H. A. Entrekin, of Cullman, and Earle Proctor and Perdue & Miller, all of Moulton, for appellees.

164

**GARDNER, Justice.**

One Heidt and others brought statutory ejectment against B. P. Wallace and others for recovery of 340 acres of land, and claimed $500 for detention thereof. Among the defendants was Lerlene Preuit, appellant here.

Defendant Wallace sought and obtained a transfer of the cause to the equity docket. Section 6490, Code of 1923. The rulings on the motion to transfer and on demurrer to the bill subsequently filed are not here presented nor argued by counsel, and need, of consequence, no discussion here (Hayes v. Jasper Land Co., 147 Ala. 340, 41 So. 909), save as affects in a general way the question here for consideration.

Wallace in his bill asked for and obtained from the register an order appointing a receiver of all the lands, including that of his own, of which he was in possession. Upon appeal to the chancellor, the appointment was confirmed,—sections 10113 and 10114, Code of 1923,—and from that order the appeal is prosecuted to this Court, and presents the only question here for review. Section 6082, Code of 1923; Miller v. Lehman, Durr & Co., 87 Ala. 517, 6 So. 361; Heard v. Murray, 93 Ala. 127, 9 So. 514; Meyer v. Thomas, 131 Ala. 111, 30 So. 89.

██ As the hearing before the chancellor was de novo (Meyer v. Thomas, supra), it is proper that the amendment to the bill filed after the appointment by the register, but prior to the hearing before the chancellor, be considered. But so considered, we are of the opinion the appointment of the receiver was not justified. It is universally recognized that the power of appointment of a receiver is a delicate one, to be exercised with great caution, and to be resorted to only in extreme cases, where it appears complainant will sustain irreparable loss. Lost Creek Coal Co. v. Scheuer, 222 Ala. 400, 132 So. 615; McDermott v. Halliburton, 219 Ala. 659, 123 So. 207; Taylor v. Hoffman, 229 Ala. 420, 157 So. 851; McDermott v. Halliburton, 220 Ala. 553, 126 So. 854. The appointment is a matter of sound judicial discretion, to be exercised in view of all the circumstances of the particular case, and one of the most material circumstances, without which the court would hardly make the appointment, is the reasonable probability that the plaintiff, asking for a receiver, will ultimately succeed in obtaining the general relief sought for by his suit. Warren v. Pitts, 114 Ala. 65, 21 So. 494; Hayes v. Jasper Land Co., 147 Ala. 340, 41 So. 909; 72 Am.St. Rep. 33. Ordinarily a person cannot have a receiver appointed over his own property. 53 Corpus Juris 30; note Cameron v. Groveland Imp. Co., 72 Am.St.Rep. 32.

██ In ejectment suits, complainants, disclosing a probability of success in the suit, defendant being insolvent and collecting rents, a receiver may be appointed (Hereford v. Hereford, 134 Ala. 321, 32 So. 651), but under other and different circumstances receivership, in aid of ejectment, has been denied. Ramage v. McDowell, 227 Ala. 675, 151 So. 849.

██ True, plaintiffs in the ejectment suit, who were made parties defendant to Wallace's bill seeking a receivership, joined in the petition for the appointment of a receiver. But this adds nothing to the validity of the order making the appointment, as the only pleadings on file in the cause (and the sworn bill and amendments thereto were the only matters upon which the order rests) were for the purpose of showing right and title in complainant Wallace, and that plaintiffs in ejectment were without right or title.

Manifestly, without a disclosure of probability of success on the part of these plaintiffs, the appointment would not be justified under all the authorities. The propriety of the appointment must, therefore, rest upon the allegations made in Wallace's behalf. He appears to be concerned as to the damages for detention sought against the defendants, including himself, and avers the other defendants are insolvent and cannot be made to respond in damages. But he is confessedly in possession of only a part of the land, and this appellant in possession of a large number of acres under claim of ownership.

We can see no ground for apprehension on his part that he will be held liable for such damages beyond his own possession, and as for costs that may be equitably adjusted by proper court order under section 7221, Code of 1923. And as to the land of which he is in possession, we think the above cited authorities suffice to show he makes out no case for a receivership of

the property which he claims to own, and of which he is in possession. 72 Am.St. Rep. 32; 53 Corpus Juris 30.

The removal of the cause from the law to the equity side of the docket (section 6490, Code of 1923) rests upon the assertion of an equitable right or defense, the decision of which would dispose of the cause, and which cannot be disposed of in the law side.

As originally presented, Wallace appeared to set up title by adverse possession to a part of the land, and also called for the legal effect of a deed by a husband to his wife in 1881 (see section 8261, Code of 1923; Gunn v. Hardy, 107 Ala. 609, 18 So. 284; Milam v. Coley, Adm'r, 144 Ala. 535, 39 So. 511); but that is a legal question only, and not dependent upon a transfer. So likewise of course, as to the defense of adverse possession.

And in the amendment, though there is general reference to an equitable estoppel, yet, as we read the averments, they tend to show exclusive and adverse possession for a period of twenty years, rather than any mere matter of estoppel.

Nor would the fact that there are others claiming an interest in the property, who are not parties to the ejectment suit, justify the removal of plaintiffs' ejectment suit to the equity docket. The statute makes no such provision.

But we are not, as previously observed, called upon to pass upon the equity of the bill or the removal of the cause, and all of these matters are noted in relation to the others, in consideration of the question of receivership, which is the sole ruling here for determination.

Viewed from all angles, therefore, we conclude the appointment of the receiver was improvidently made, and that it should be here vacated. The decree of the chancellor confirming the appointment of the receiver will of consequence be here reversed, and one here entered discharging the receiver. The chancellor will enter the appropriate order for a settlement of the receiver's account, and such other orders necessary for restitution of the property, and to the conclusion of the receivership; and the cause will be remanded to the court below.

Reversed, rendered and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.